1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PANDOLFI and MANDI SHAWCROFT, individually and on behalf of all others similarly situated;<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>AVIAGAMES, INC.; VICKIE YANJUAN CHEN; PING WANG; ACME, LLC; GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.; and OTHER UNNAMED CO-CONSPIRATORS;<br><br>　　　　　Defendants. | Case No. 3:23-cv-05971-EMC<br><br>CLASS ACTION<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: March 28, 2024<br>Time: 1:30 p.m.<br>Courtroom: 5 – 17th Floor (via Zoom)<br>Judge: Hon. Edward M. Chen |

　　　　The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to Rule 26(f) of the Fed. R. Civ. P., Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California in advance of the Court's Initial Case Management Conference scheduled for March 28, 2024.

**1.     Jurisdiction & Service**

Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because (a) at least one member of the class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the exceptions under that subsection apply to this action. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as some of the Plaintiffs' claims arise under the laws of the United States, specifically the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. In addition to jurisdiction under 28 U.S.C. §1332(d), this Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. §1367.

Defendants do not dispute the above bases of jurisdiction; however, AviaGames, Inc. ("Avia"), Vickie Yanjuan Chen, and Ping Wang (collectively the "Avia Defendants") have moved to compel arbitration and claim that arbitration is the proper forum for the claims asserted against them. Galaxy Digital Capital Management, L.P. ("Galaxy") contests personal jurisdiction. Aside from these two issues, no issues exist regarding personal jurisdiction or venue.

All named Parties have been served or waived service.

**2.     Facts**

Avia is a leading provider of online games where users purportedly compete in games of "skill" against other real people for money. Dkt. No. 1 ("Compl.") ¶ 1. Avia claims it "guarantees [its] players a fair, high-quality gaming experience," that it employs a "complex algorithm" that purports to "assess and match each player's ability in order to create" a "fair gaming environment," that "this sophisticated algorithm is constantly monitored and updated to prevent players from cheating the system," and that "[m]aking sure that players are matched by skill level has always been a major focus of [its] app development." *Id*. ¶ 3; *see also id*. ¶¶ 29-46.

Plaintiffs allege, however, that "the entire premise of Avia's platform is false: Instead of competing against real people, Avia's computers populate and/or control the games with computer 'bots' that can impact or control the outcome of the games. Instead of being games of

Joint Case Management Statement & Proposed Order
Case No. 3:23-cv-05971-EMC

skill as advertised, Avia's games are manipulated games of chance that amount to an unapproved gambling enterprise.'" *Id.* ¶ 1; *see also id.* ¶¶ 2-6 & 47-59. Plaintiffs further allege that ACME, LLC and Galaxy (the "Investor Defendants") participated in a racketeering enterprise along with Ms. Chen and Ms. Wang that harmed Plaintiffs through the operation of the illegal gambling and fraudulent enterprise.

Defendants deny these allegations and claim that Avia's platform and its games are proper, that Avia does not control the outcome of games, that its games do not constitute impermissible gambling activities or a gambling enterprise, and that Defendants are not a racketeering enterprise. Defendants respectfully submit that Plaintiffs' complaint fails to state a claim upon which relief can be granted, and the Investor Defendants further deny that Plaintiffs have alleged any wrongdoing with respect to their activities.

**3.    Legal Issues**

There has been no answer to the Complaint filed yet and, as a result, the Parties believe it is premature to identify the key legal issues this case presents. At this time, the Parties have identified the following legal issues as areas likely to be developed and reserve the right to modify this statement as this litigation progresses:

- Whether the Plaintiffs have agreed to binding arbitration of their claims against the Avia Defendants;

- Whether Avia engages in unlawful, unfair, and/or deceptive business acts and practices pursuant to California's Unfair Competition Law (UCL), Business & Professions Code § 17200 *et seq.*;

- Whether Avia's operation of its games and gaming platform constitutes unfair contests or illegal gambling in violation of California Penal Code § 337j(a)(1), § 337j(a)(2), and § 330a, the Illegal Gambling Business Act of 1970 (18 U.S.C. § 1955), and/or the Unlawful Internet Gambling Enforcement Act of 2006 (31 U.S.C. §§ 5361-5367);

- Whether Avia Defendants' activities and disclosures (or lack thereof) regarding those activities is in violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*;

- Whether Plaintiffs and the Class members were damaged by Defendants' conduct and whether they have asserted a direct cognizable injury under 18 U.S.C. § 1962;

- Whether Defendants' activities constitute a pattern of racketeering under 18 U.S.C. § 1962;

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

- Whether Defendants acquired or maintained an interest in a fraudulent illegal gambling enterprise through illegal gambling and wire fraud under 18 U.S.C. § 1955 and 18 U.S.C. § 1343;
- Whether Defendants re-invested income derived from racketeering activity in the alleged fraudulent illegal gambling enterprise;
- Whether the Investor Defendants joined the alleged fraudulent illegal gambling enterprise or directed its affairs under 18 U.S.C. § 1962;
- Whether Plaintiffs can establish a RICO conspiracy claim under 18 U.S.C. § 1962;
- Whether Plaintiffs are entitled to enjoin Defendants' conduct; and
- Whether Plaintiffs can meet the requirements to maintain a class, including whether Plaintiffs are proper representatives of any class, whether a class is properly defined, and whether each requirement for maintaining a class action can be met here.

### 4.     Motions

On December 15, 2023, Plaintiffs moved for a temporary restraining order regarding Avia's implementation of new, pop-up terms of service after the suit was filed. (*See* Dkt. No. 22.) The motion was fully briefed, and the Court ordered changes to the terms of service on December 21, 2023. (*See* Dkt. No. 53.)

On February 5, 2024, the Avia Defendants moved to compel arbitration of Plaintiffs' claims against them. Briefing on that motion was complete on February 27, 2024 and a hearing on the motion is scheduled for March 28, 2024.

All Defendants separately moved to dismiss on March 11, 2024. The Parties have agreed that Plaintiffs' oppositions will be due on April 5, 2024 and any reply briefs due by April 17, 2024. The Court has set a hearing on Defendants' motions to dismiss for May 30, 2024.

At this time, no further specific motions are anticipated, other than discovery, class certification, and dispositive motions.

### 5.     Amendment of Pleadings

As noted in the Complaint (at ¶¶ 18, 146), Plaintiffs intend to amend—or seek leave to amend—the Complaint to (a) add unnamed co-conspirators; and (b) seek monetary damages for violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.

Plaintiffs reserve the right to seek leave to amend pursuant to Fed. R. Civ. P. 15 and Defendants reserve the right to oppose any such amendment.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant, and will meet and confer additionally regarding the proper scope of e-discovery.

**7.     Disclosures**

The Parties convened the Rule 26(f) conference on February 16, 2024 and continued it on February 28, 2024. All Parties intend to timely serve initial disclosures on March 21, 2024, consistent with the Court's November 20, 2023 Order (Dkt. No. 5).

**8.     Discovery**

A.     <u>Discovery Taken to Date</u>: Per the Court's Order re Avia Defendants' Administrative Motion for Relief from Case Management Schedule (Dkt. No. 70), prior to the Court's ruling on the motion to compel arbitration and/or motions to dismiss, the Parties intend to focus, at the outset, on high-level discovery that would be obtainable even if the case against the Avia Defendants were sent to arbitration as well as matters going to arbitrability. Plaintiffs served their initial requests for the production of documents on March 4, 2024 and Defendants' responses and objections are not yet due.

B.     <u>Scope of Anticipated Discovery</u>:

<u>Plaintiffs' position</u>: In the initial stage of discovery, Plaintiffs intend to seek materials that would be available (a) in arbitration, (b) pursuant to a third-party subpoena on the Avia Defendants if only the claims against the Investor Defendants proceeded in this Court, or (c) as party discovery against the Investor Defendants. This includes, but is not limited to, organizational charts and information; representations made to consumers regarding Avia's games; documents or

correspondence relating to Avia's control of games or use of bots, robots, or "cucumbers"; and documents produced in response to any request or investigation by a state or federal agency related to the use of bots, the company's control of the outcome of games, and allegations of illegal gambling.

More broadly, once full discovery is open, Plaintiffs anticipate needing to take discovery on the following topics—whether as party or third-party discovery: documents concerning "historical playthroughs"; communications and agreements with investors or potential investors, due diligence materials provided to investors or potential investors, transactional data for user deposits or withdrawals, data provided by users of Avia's mobile gaming platform and Avia's self-standing games' applications to Avia; data in Avia's possession regarding the algorithms and methods employed in matching players in Avia's games; documents sufficient to show revenue generated by Avia from the operation of Avia's games; Avia's communication with the users of Avia's mobile gaming platform and self-standing games' applications; any "scripts" or suggested customer service responses for use or potential use in response to user complaints; cell phone data, texts, or any other documents concerning the above issues contained on personal devices used by key Avia personnel; and Avia's policies, operating procedures, and practices concerning document retention, destruction, backup, and preservation. The above list is not an exhaustive list of the discovery to be propounded and Plaintiffs reserve the right to seek discovery regarding additional matters.

Defendants' position: Defendants believe that Plaintiffs' "initial scope of discovery" as to the Avia Defendants is improperly broad and beyond the scope of the Court's order at Docket No. 70. Specifically, "high level discovery" Plaintiffs would be entitled to in arbitration must be narrowly tailored to the claims of these individual Plaintiffs, including the evidence of contract

formation between Avia and the named Plaintiffs, Avia's records regarding the named Plaintiffs including games on which they claim to have lost money, the representations they have seen and purportedly relied upon, and high-level information regarding Avia's marketing and operation of the games Plaintiffs played.  Under the AAA consumer arbitration rules, which are the applicable rules under the Arbitration Agreement, Plaintiffs would not be entitled to the broad categories identified above, which would encompass massive productions of documents, much of which is irrelevant to these individual Plaintiffs' claims.

Defendants believe that the further discovery categories Plaintiffs identify above are overly broad. Defendants will meet and confer with Plaintiffs about the scope of discovery at the appropriate time. Additionally, Defendants anticipate needing to take discovery on the Plaintiffs, their allegations and sufficiency as class representatives, and each of Defendants' defenses, which they will assert at the appropriate time.

C.   Proposed Limitations or Modifications of the Discovery Rules: At this time, the Parties do not believe that any changes need to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules, interpreted in accordance with the Court's guidance in its January 23, 2024 order (Dkt. No. 70), but the Parties reserve the right to do so by agreement or order of the Court. The Parties agree that they will attempt in good faith to resolve any disputes relating to discovery limits without necessitating intervention by the Court.

D.   When Discovery Should be Completed and Whether Discovery Should be Phased or Be Limited to or Focused on Particular Issues: As set forth in the proposed schedule (part 17, infra), the Parties propose that fact discovery be completed by January 15, 2025, and expert discovery be completed by March 4, 2025.

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

At this time, the Parties do not believe discovery should be bifurcated or phased beyond what is discussed above; however, the Parties reserve the right to re-evaluate this position as discovery progresses. The Parties are also aware of the Court's instruction to limit the discovery in the initial phases to high-level discovery that would be obtainable even if the case against the Avia Defendants was sent to arbitration as well as matters going to arbitrability.

E.   Electronically Stored Information (ESI): The Parties believe discovery will encompass ESI and will meet and confer (or have met) on the topics listed in the Northern District's Guidelines for the Discovery of Electronically Stored Information and ESI Checklist.

F.   Privilege Issues and Trial Preparation Materials: The Parties anticipate that during discovery, certain documents will need to be withheld on the basis of the attorney-client privilege or work product doctrine or other applicable privileges or protections. As a general matter, the inadvertent disclosure of privileged material will be governed by Fed. R. Civ. P. 26(b)(5)(B). The parties intend to prepare and file with this Court a Stipulated Protective Order that will contain provisions regarding privileged material, including a "clawback" procedure for inadvertent production of privileged material.

G.   Discovery Disputes: Discovery in this action became available on February 16, 2024, the date of the Parties' initial Rule 26(f) conference, in accordance with Fed. R. Civ. P. 26(d)(1). At this point in time, however, responses and objections to discovery requests are not yet due.

H.   Other Orders: During the Rule 26(f) conference, the parties discussed entering into a stipulated protective order. The parties have reviewed the model protective orders for the Northern District of California and will continue to meet and confer regarding the contents of a proposed stipulated protective order.

**9.     Class Actions**

The Parties have reviewed the Procedural Guidelines for Class Action Settlements. Pursuant to Local Rule 16-9(b), Plaintiffs submit the following information:

(1) Plaintiffs contend that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

(2) Plaintiffs bring this action on behalf of the following proposed Class:

> "All persons who have lost money playing any Avia game until Defendants' unlawful conduct and its harmful effects stop. Excluded from the class are federal and state governmental entities and judicial officers presiding over this case."

(3) Plaintiffs contend that following facts alleged—and further detailed—in the Complaint demonstrate that this action is maintainable as a class action:

**Numerosity**: The Class consists of hundreds of thousands, if not millions, of geographically dispersed Class members, making the joinder impracticable.

**Common Questions**: The principal factual issues (*supra* part 2) and disputed points of law (*supra* part 3) are common to all class members and predominate over any individual questions because these issues of fact and law will drive the resolution of the claims.

**Typicality**: Plaintiffs' claims are typical of the claims of the Class members in that Plaintiffs, like all Class members, (i) allege violations of Cal. Bus. & Prof Code § 17200, *et seq.*, Cal. Civ. Code § 1750, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1961, *et seq.*, and (ii) have been injured by Defendants' misconduct that misled Plaintiffs and Class members into spending money to enter tournaments and games that Avia had filled and/or controlled with bots rather than real, human players.

**Adequacy**: Plaintiffs have no interests adverse of antagonistic to those of the Class and have retained competent and experienced counsel to prosecute the action.

**Superiority**: Given the size of each individual Class members' claims, the expense and burden of litigation make it economically and procedurally impracticable for Class members to pursue individual claims, and a class action presents no manageability issues.

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

**Defendants' Common Conduct**: Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

**Risk of Inconsistent Adjudications:** The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

Defendants dispute that this action is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3), dispute that the purported class is legally permissible, factually supported or proper, and believe that Plaintiffs cannot and will not be able to satisfy each and every category listed above.

The Parties' proposed schedule for class certification briefing is as follows:

|  | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Last Day to File Class Certification | January 30, 2025 | March 28, 2025 |
| Last Day to Hear Class Cert. Motions | March 13, 2025 | May 9, 2025 |

**10.     Related Cases**

There are no related cases. In *Big Run Studios Inc. et al v. AviaGames Inc.*; Case No. 3:21-cv-04656-AMO (N.D. Cal.), the Court has granted plaintiffs leave to file a third amended complaint which alleges Unfair Competition claims on behalf of certain of Avia's competitors (Dkt. No. 238), and which allegations have some overlap with Plaintiffs' allegations in this matter. In *Skillz Platform Inc. v. AviaGames Inc.*, Case No. 5:21-cv-02436-BLF (N.D. Cal.), which was tried in January, facts regarding Avia's business practices were presented by the plaintiffs in that action that overlap with Plaintiffs' allegations here. The Investor Defendants are not named parties to either action.

**11.     Relief**

As set forth in the Complaint, Plaintiffs seek: (i) damages, including statutory damages, to the maximum extent allowed under the applicable laws, and entering of a joint and several judgment in favor of Plaintiffs and the members of the Class against Defendants in an amount to be trebled under applicable law; (ii) pre- and post-judgment interest in the maximum amount and

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

to the maximum extent permitted by law; (iii) costs of the suit and reasonable attorneys' fees to the maximum extent allowed by law; (iv) an order permanently enjoining and restraining the Defendants, their affiliates, successors, transferees, assignees, officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, from continuing, maintaining, or renewing the conduct alleged in the Complaint, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; (v) an order decreeing the conduct alleged in the Complaint as unlawful and a violation of Civil Code §§ 1750, *et seq.*; Cal. Bus. & Prof Code § 17200, *et seq.* and the federal Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1961, *et seq.*, respectively; (vi) any other relief as the case may require and the Court may deem just and proper.

At this early stage, the Parties agree that it is premature for Plaintiffs to provide a damages calculation or for Defendants to offer alternative damages calculations. Defendants contend that no damages or other relief should be awarded.

**12.     Settlement and ADR**

Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the Parties met and conferred with respect to ADR. In accordance with ADR Local Rule 3-5, the Parties filed ADR Certifications on February 22. Plaintiffs are open to discussing settlement or ADR as the case proceeds in court. The Avia Defendants believe arbitration is the proper forum for the claims asserted against them. The Avia Defendants are open to discussing other ADR options with the judge at the Case Management Conference. The Investor Defendants consider discussion about ADR premature but are open to consider ADR options in the future.

**13.     Other References**

The Avia Defendants believe binding arbitration is the proper forum for the claims asserted against them. Plaintiffs believe that the case is not subject to binding arbitration and falls within the jurisdiction of the Court. At this point the parties do not believe that a referral to a Special Master or the JPML is appropriate.

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

**14. Narrowing of Issues**

At this time, the Parties have yet to identify issues that can be narrowed by agreement. The Parties anticipate good-faith efforts to stipulate to the authenticity of documents to avoid unnecessary disputes at trial.

**15. Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**

The Parties propose the following schedule:

| Event | Date |
| --- | --- |
| Case Management Conference: | March 28, 2024 |
| Initial ADR Session | TBD |
| Non-Expert Discovery Closed | January 15, 2025 |
| Expert Disclosure | January 15, 2025 |
| Rebuttal Expert Disclosure | February 18, 2025 |
| Expert Discovery Closed | March 4, 2025 |
| Last Day to File Dispositive Motions | March 28, 2025 |
| Last Day to Hear Dispositive Motions | May 9, 2025 |
| Meet & Confer: | May 13, 2025 |
| Joint Pretrial Conf. Statement/Trial Briefs | June 3, 2025 |
| Objections: | June 13, 2025 |
| Pretrial Conference: | June 24, 2025 |
| Trial: | July 21, 2025 |

**17. Trial**

The Parties agree that the case will be tried to a jury, should it reach trial. At this early stage, it is difficult to project the scope and duration of the trial, but the Parties estimate the total time of trial to be three weeks.

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

**18.     Disclosure of Non-party Interested Entities or Persons**

Each Party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Those statements provide:

- Plaintiffs Pandolfi & Shawcroft: "There is no conflict or interest (other than the named parties) to report." Dkt. No. 60.

- Defendant AviaGames, Inc.: "There is no conflict or interest (other than the named parties) to report. AviaGames has no parent corporation and no publicly held corporation owns 10% or more of AviaGames' stock." Dkt. No. 30.

- Defendants Chen & Wang: "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date there is no conflict of interest (other than the named parties) to report." Dkt. No. 63.

- Defendant ACME, LLC: "There is no conflict or interest (other than the named parties) to report." Dkt No. 39. "ACME has no parent corporation and no publicly held corporation owns 10% or more of ACME's stock." Dkt. No. 40.

- Defendant Galaxy Digital Capital Management, L.P.: "There is no conflict or interest (other than the named parties) to report." Dkt. No. 46. "Galaxy is a wholly-owned subsidiary of Galaxy Digital Holdings LP. Galaxy Digital Holdings Ltd., a publicly traded company listed on the Toronto Stock Exchange, owns more than 10% of the stock of Galaxy Digital Holdings LP." Dkt. No. 47.

**19.     Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.     Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Dated: 3/19/2024  /s/ Matthew S. Tripolitsiotis
Matthew S. Tripolitsiotis (*pro hac vice*)
**BURNS CHAREST LLP**
757 Third Ave, 20th Floor
New York, NY 10017
Tel: 469.895.5269
mtripolitsiotis@burnscharest.com
*Counsel for Plaintiffs*

Dated: 3/19/2024  /s/ Steven K. Taylor
Steven K. Taylor (#204668)
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
Tel:  415.391.5400
staylor@keker.com
*Counsel for Defendant AviaGames, Inc.*

Dated: 3/19/2024  /s/ Kate E. Lazarus
Kate E. Lazarus (SBN 268242)
**KWUN BHANSALI LAZARUS LLP**
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: 415.630.2350
klazarus@kblfirm.com
*Counsel for the Individual Defendants*

Dated: 3/19/2024  /s/ Jennifer S. Windom
Jennifer S. Windom (*pro hac vice*)
**KRAMER LEVIN NAFTALIS
& FRANKEL LLP**
2000 K Street NW, 4th Floor
Washington, DC 20006
Tel:  202.775.4500
jwindom@kramerlevin.com
*Counsel for Defendant Acme LLC*

Page **14** of **15**

*Joint Case Management Statement & Proposed Order*
Case No. 3:23-cv-05971-EMC

| | |
|---|---|
| Dated: 3/19/2024 | */s/ Daniel Issacs* |
| | Daniel Isaacs (*pro hac vice*) |
| | **MORRISON COHEN LLP** |
| | 909 Third Avenue |
| | New York, NY 10022 |
| | Tel: 212.735.8600 |
| | disaacs@morrisoncohen.com |
| | *Counsel for Defendant Galaxy Digital Capital Management L.P.* |

## ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that each of the signatories have concurred in the filing of this document.

Dated: March 19, 2024           By: */s/ Matthew S. Tripolitsiotis*
                                         Matthew S. Tripolitsiotis

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated:

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE