Jason Gottlieb (NY Bar No. 4056008) *(pro hac vice)*
Daniel Isaacs (NY Bar No. 4875902) *(pro hac vice)*
William Roth (NY Bar No. 5492848) *(pro hac vice)*
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Tel: (212) 735-8600; Fax: (212) 735-8708
jgottlieb@morrisoncohen.com
disaacs@morrisoncohen.com
wroth@morrisoncohen.com

Ellen London (SBN 325580)
LONDON & STOUT P.C**.**
1999 Harrison Street, Suite 2010
Oakland, CA 94612
Tel: (415) 862-8494; Fax: (415) 573-0995
elondon@londonstoutlaw.com

*Attorneys for Galaxy Digital*
*Capital Management L.P.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PANDOLFI and MANDI SHAWCROFT, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>AVIAGAMES, INC.; VICKIE YANJUAN CHEN; PING WANG; ACME, LLC; GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.; and OTHER UNNAMED CO-CONSPIRATORS;<br><br>Defendants. | Case No. 3:23-cv-05971-EMC<br><br>**DEFENDANT GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date: None set<br>Time:.<br>Dept: Courtroom 5 – 17th Floor<br>Judge: Hon. Edward M. Chen<br><br>Date Filed: November 17, 2023<br>Trial Date: None set |

# TABLE OF CONTENTS

**Page(s)**

STATEMENT OF ISSUES TO BE DECIDED ..................................................................................... 1

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 3

    I.     PLAINTIFFS DO NOT PLEAD A RICO CLAIM AGAINST GALAXY ..................... 3

        A.     Plaintiffs Do Not Allege That Galaxy Joined Or Directed An Enterprise ........... 3

        B.     Plaintiffs Do Not Allege Galaxy's Knowing Participation In A Scheme To Defraud ...................................................................................................... 8

        C.     Plaintiffs Do Not Allege A Pattern Of Racketeering Activity By Galaxy ......... 11

        D.     Plaintiffs Do Not Allege Proximate Causation As To Galaxy ........................... 11

        E.     Plaintiffs Fail To State A Conspiracy Claim Against Galaxy ........................... 12

    II.     PLAINTIFFS FAIL TO ALLEGE PERSONAL JURISDICTION OVER GALAXY ..................................................................................................................... 12

        A.     The FAC Does Not Allege A Basis For Personal Jurisdiction ........................... 12

        B.     Jurisdictional Discovery Is Not Warranted ....................................................... 15

    III.     DISMISSAL WITH PREJUDICE IS WARRANTED ................................................. 15

CONCLUSION ................................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Ayers v. Lee*,
  2020 WL 6825589 (S.D. Cal. Nov. 20, 2020) ...................................................................... 8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S 544 (2007) .............................................................................................................. 4

*Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ............................................................................................. 14

*Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp.*,
  235 F. Supp. 3d 1132 (E.D. Cal. 2017) ........................................................................... 3, 4

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) .............................................................................................. 7

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ................................................................................................ 6

*Eclectic Props. E. LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (2014) ........................................................................................................... 10

*Gardner v. Martino*,
  563 F.3d 981 (9th Cir. 2009) .............................................................................................. 15

*Gonzalez v. Chattem, Inc.*,
  2023 WL 8101923 (N.D. Cal. Nov. 21, 2023) ..................................................................... 8

*High v. Choice Mfg.*,
  2012 WL 3025922 (N.D. Cal. July 24, 2012) ...................................................................... 6

*Holmes v. Sec. Inv. Prot. Corp.*,
  503 U.S. 258 (1992) ........................................................................................................... 12

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*,
  295 F. Supp. 3d 927 (N.D. Cal. 2018) ............................................................................... 11

*In re Ethereummax Inv.*,
  2022 WL 20804358 (C.D. Cal. Dec. 6, 2022) ...................................................................... 4

*In re Gilead Scis. Secs. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) .............................................................................................. 8

*In re Jamster Mktg. Litig.*,
   2009 WL 1456632 (S.D. Cal. May 22, 2009) ................................................................. 5

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   497 F. Supp. 3d 552 (N.D. Cal. 2020) ............................................................... 5, 8, 12

*In Re Kia Hyundai Vehicle Theft Litig.*,
   2023 WL 8126869 (C.D. Cal. Nov. 15, 2023) ................................................................. 14

*In re Toyota Motor Corp. Unintended Acceleration Mktg.*,
   826 F. Supp. 2d 1180 (C.D. Cal. 2011) ......................................................................... 4

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
   601 F. Supp. 3d 625 (C.D. Cal. 2022) ......................................................................... 14

*Obasi Inv. LTD v. Tibet Pharms., Inc*,
   931 F.3d 179 (3d Cir. 2019) ......................................................................................... 7

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ...................................................................................... 15

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ...................................................................................................... 5

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010) ........................................................................................ 12

*Schneider v. California Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ....................................................................................... 7

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ........................................................................................ 13

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................................ 14

*United States v. Fernandez*,
   388 F.3d 1199 (9th Cir. 2004) ...................................................................................... 12

*United States v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016) ....................................................................................... 6

*Walter v. Drayson*,
   538 F.3d 1244 (9th Cir. 2008) ....................................................................................... 6

*Yamashita v. LG Chem, Ltd.*,
   62 F.4th 496 (9th Cir. 2023) ........................................................................................... 13

*Zunum Aero, Inc. v. Boeing Co.*,
   2022 WL 2116678 (W.D. Wash. June 13, 2022)................................................................. 7

**Statutes**

18 U.S.C. § 1962(c) or (d)...................................................................................................... 1

**Rules**

Fed R. Civ. P. 12(b)(2) ........................................................................................................... 1

Fed R. Civ. P. 12(b)(6) ........................................................................................................... 1

Defendant Galaxy Digital Capital Management, L.P. ("Galaxy") respectfully submits this reply memorandum of points and authorities in support of its motion (ECF No. 109, the "Motion" or "Mot."), under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice Plaintiffs' First Amended Complaint (ECF No. 92; "FAC").

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule 7-4, this motion raises the following issues: (1) have Plaintiffs stated a claim upon which relief can be granted against Galaxy under 18 U.S.C. § 1962(c) or (d); (2) have Plaintiffs plausibly alleged a basis for the Court to exercise personal jurisdiction over Galaxy; and (3) whether the claim against Galaxy should be dismissed with prejudice because any further amendment of the complaint would be futile.

## PRELIMINARY STATEMENT

Plaintiffs' arguments in opposition to Galaxy's Motion confirm that Galaxy does not belong in this case. Against the backdrop of the 96-page FAC, which hardly mentions Galaxy, Plaintiffs' 70-page opposition makes crystal clear that Plaintiffs are attempting to recast a straightforward alleged fraud claim against Avia as a sprawling racketeering conspiracy that never occurred.

Plaintiffs acknowledge (Opp. at 14–15) that their entire case against Galaxy is premised on three publicly-available and innocuous facts: Galaxy made a legitimate, "routine" (in Plaintiffs' own words, FAC ¶ 127), and passive investment in Avia in 2020 (FAC ¶ 102); Galaxy makes a passing reference to Avia on its investor-facing website, alongside references to 125 other portfolio companies (FAC ¶ 41); and a Galaxy representative, Mr. You, was a Board observer, but one without any "influence" (in Plaintiffs' own words, Opp. at 14) over Avia's management or day-to-day operations (FAC ¶¶ 27, 78).

From these facts alone, Plaintiffs ask the Court to speculate and draw inferences upon inferences that Galaxy intentionally joined an enterprise distinct from Avia, that it directed that enterprise, and that it did so with fraudulent intent to defraud Avia's users about the existence of "bots"—a scheme that Plaintiffs describe as being so secretive, it was even kept from Avia's financial and legal advisors. The FAC's factual content does not plausibly undergird such a RICO claim against Galaxy, let alone in a

manner that comports with Rule 8 and 9(b), and so the claim should be dismissed.

To escape dismissal, Plaintiffs' strategy is clear: use conclusory, group allegations regarding "Defendants"—even when those allegations do not apply to Galaxy—and present inferences as facts. To attempt to elevate Galaxy's passive investment into something more sinister, Plaintiffs lump Galaxy together with dissimilarly situated defendants, impermissibly ascribing actions to Galaxy that Galaxy was not alleged to have taken. By way of example, Plaintiffs concede, as they must, that Galaxy had no operational authority over or within Avia's corporate hierarchy, and allege no facts (as opposed to conclusions) suggesting that Galaxy knew, or even could have known, about Avia's supposed scheme. And so instead, Plaintiffs make assertions about the "Investors," "Investor Defendants," and "RICO Investors" that contradict the FAC's own factual allegations against Galaxy; or take deductive leaps that are not just implausible, but impossible. For instance, Plaintiffs argue:

- "Investor Defendants not only provided 'financial grease,' but took stakes in the enterprise's success and held active roles on Avia's board." Opp. at 51 (emphasis added).

- "The Investors were leaders of [the RICO Enterprise] and circumstantial evidence suggests they were involved in the [RICO Enterprise]." Opp. at 51 (emphasis added).

- "[T]he RICO Investors have not provided just 'the financial grease,' but also business acumen, leadership on Avia's board of directors, and made public representations promoting Avia." Opp. 51 n.19 (emphasis added).

- "Both Investor Defendants had positions on the Board of Directors . . ." Opp. at 54 (emphasis added).

- "[T]he Investor Defendants continue to serve on Avia's board . . ." Opp. at 57 n.23 (emphasis added).

These attempts to lump Galaxy together with others, both in the FAC and the Opposition, is an improper attempt to skirt its pleading obligations under Rule 8 and 9(b). *See* Mot. at 5–6. There are no factual allegations concerning Galaxy to support these blanket statements. Moreover, Plaintiffs' "group arguments" scattered throughout their opposition are, as applied to Galaxy, flatly contradicted by Plaintiffs' other allegations about Galaxy. By way of example, Plaintiffs concede that Galaxy was a mere Board observer without any "influence" or measure of leadership over Avia (FAC ¶ 174; Opp. at 14),

and point to no such "circumstantial evidence" inculpating Galaxy. Opp. at 51.

Even when RICO claims involve multiple defendants, RICO requires plaintiffs to allege facts specific to <u>each defendant.</u> Disregarding the improper group pleading and implausible inferences, Plaintiffs fail to distinguish Galaxy from any innocent investor in any company facing fraud allegations, or from the myriad cases in which passive parties engaging in routine business with a defendant accused of fraud have been dismissed from putative RICO claims. These pleading deficiencies warrant dismissal. And because Plaintiffs have already amended their complaint once, and their Opposition makes clear that no further allegations could plausibly alter this Court's analysis, Plaintiffs' claim against Galaxy should be dismissed with prejudice.

## ARGUMENT

## I.      PLAINTIFFS DO NOT PLEAD A RICO CLAIM AGAINST GALAXY

### A.      Plaintiffs Do Not Allege That Galaxy Joined Or Directed An Enterprise

#### 1.   There Is No Robot Player Enterprise That Galaxy Joined

The FAC paints a simple picture—allegedly, Avia insiders (and they alone) concealed the true nature of Avia's mobile games and misrepresented the same to the players. FAC ¶¶ 10, 12, 30–76, 127. To generate a RICO claim, however, Plaintiffs wrap Galaxy's single investment in Avia (which Plaintiffs themselves characterize as "routine business activity" (FAC ¶127)) around Avia's supposed wrongdoing, and present it to the Court as an expansive racketeering scheme. Opp. at 45-47. Plaintiffs' Opposition underscores this infirmity, pointing only to <u>Avia's</u> supposed wrongdoing, but identifying no factual content from which it can be plausibly inferred that such wrongdoing was Galaxy's shared purpose, as well. *See* Opp. at 45 (referring to only "Avia's internal documents"); 47 (referring to internal Avia communications). There is no alleged enterprise; only Avia.

Plaintiffs acknowledge they must plead "specific facts indicating that [Galaxy] acted with an objective unrelated to ordinary business [] aims." *Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1175 (E.D. Cal. 2017). In their opposition, Plaintiffs insist that the defendants "shared an unlawful purpose of tricking customers . . . ." Opp. at 45. Yet, they do not point to

any non-conclusory allegations in the FAC from which it can be inferred that Galaxy shared that supposed purpose, or any purpose beyond its own legitimate business interest in its investment in Avia. *Compare* Mot. at 8-12 *with* Opp. at 45-47. Or that Galaxy "coordinated [its] activities" with the other defendants "as a continuing unit." *See Comm. to Protect Our Agric. Water*, 235 F.Supp.3d at 1175. What makes such an inference even more implausible is that Galaxy did not invest in Avia until years after the supposed fraudulent scheme began. FAC ¶ 102.

Even if Plaintiffs could allege a "Robot Player Enterprise" (they cannot), they also point to no facts from which it can be inferred that Galaxy in particular was aware of Avia's supposed scheme. It is Plaintiffs' pure speculation that Galaxy shared in the goal of "tricking customers into believing that they are playing against real players." FAC ¶ 119; *see also* Mot. at 10. Examining the FAC and their Opposition, Plaintiffs do not point to any facts identifying something that Galaxy did or did not do from which it can be inferred that Galaxy shared a "common fraudulent purpose," as opposed to pursing its own independent business interest—its venture investment in Avia. *See* Opp. at 47. The FAC alleges only that Galaxy is associated with the other parties through its investment in Avia—in a manner "directly related to [its] own primary business activities," which is fatal to Plaintiffs' claim. *In re Ethereummax Inv.*, No. CV 22-00163-MWF (SKx), 2022 WL 20804358, at *15 (C.D. Cal. Dec. 6, 2022).

Plaintiffs appear to ignore Galaxy's argument that in a case like this one, where one defendant's "primary business activity" is "conducted fraudulently", and others are alleged to have transacted with that defendant, "something more" is needed for the requisite common purpose and distinctiveness, namely facts "tending to exclude the possibility" of routine business dealings. *In re Toyota Motor Corp. Unintended Acceleration Mktg.*, 826 F. Supp. 2d 1180, 1202–3 (C.D. Cal. 2011); *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 554–55 (2007) (internal quotation omitted). Plaintiffs' opposition, like their FAC, does not identify that "something more." Stripping away the conclusory group argument and speculation, and taking Plaintiffs' remaining factual allegations at face value—namely that Galaxy was one of many investors in a company that posted a short blurb about its investment on its webpage—the most plausible inference (by far) to draw from the complaint is that Galaxy merely made a run-of-the-mill investment

and acted in its individual capacity to pursue its own self-interest. *In re Jamster Mktg. Litig.*, MDL No. 1751, 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009) ("[pl]leading by adjective" insufficient).

Plaintiffs' discussion of *Cedric* with respect to RICO's "distinctiveness" requirement (Opp. at 48) is inapposite. As the court made clear in *Juul*, the point of the "distinctiveness" requirement is to require a plaintiff to allege some third party activity outside of a named company and its employees, and allege that such activity was "part of a joint 'scheme to defraud' . . . ." *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 602 (N.D. Cal. 2020). Otherwise, plaintiffs could expand every garden-variety fraud action into a racketeering case simply by re-styling all manner of publicly available legitimate business activity, from venture investment to providing services, as part of an allegedly illegitimate enterprise. There would be no limiting principle to the logic of that formulation, which is why courts have uniformly rejected attempts to cast RICO so widely. *See JUUL*, 497 F. Supp. 3d at 603.

2. Even If There Was Such An Enterprise, Plaintiffs Do Not Allege That Galaxy Directed The Enterprise

Even if a Robot Player Enterprise existed (it does not), Plaintiffs do not allege that Galaxy operated or managed the alleged enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 178–79 (1993).[1] In its motion, Galaxy explained at length why Plaintiffs' limited allegations failed to adequately allege that Galaxy directed the alleged enterprise. Mot. at 12-14. In response, Plaintiffs interpose their most egregious examples of group argument. Opp. at 48-51 (arguing, *inter alia*, the "Investor Defendants occupied a position in the chain of command" and "held active roles on Avia's board"). This obvious deflection should be rejected. Plaintiffs do not meaningfully grapple with Galaxy's argument, pointing to no particular instances in which <u>Galaxy</u> gave or took any direction, occupied any position in Avia's "chain of command," implemented any managerial decisions, or provided any services vital to the alleged Robot Player Enterprise. *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (citations omitted).

---

[1] Although the Opposition purports to quibble with Galaxy's representation of the *Reves* standard (*see* Opp. at 49), *Reves* clearly states that "one is not liable under that provision <u>unless one has participated in the operation or management</u> of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170 (1993) (emphasis added). In any event, for the reasons discussed above, Plaintiffs have not alleged facts meeting any of the tests for establishing liability under 1962(c).

This pleading deficiency is alone fatal to Plaintiffs' claim against Galaxy.

To escape scrutiny, Plaintiffs interpose conclusory allegations—not <u>factual</u> allegations— against the defendants as a group. But grouping Galaxy together with other defendants obfuscates and exaggerates Galaxy's actual alleged role, and conflicts with other allegations of the FAC.

Plaintiffs argue, for instance, that "the Investor Defendants occupied a position in the chain of command given not only <u>their board positions</u> but also <u>how the enterprise operates</u>." Opp. at 49 (emphasis added). They also allege that the "Investor Defendants . . . held <u>active roles</u> on Avia's Board." Opp. at 51. But Galaxy does not have a Board seat, as Plaintiffs elsewhere acknowledge—Mr. You, a Galaxy partner, is a passive non-voting Board <u>observer</u>, and Plaintiffs admit that Galaxy's role in this respect <u>lacks</u> any ability to influence Avia's activity. Opp. at 14. The Opposition's throwaway reference to "how the enterprise operates" does not trace back to any factual allegations inculpating Galaxy, because the FAC does not contain a single allegation regarding Galaxy's involvement in Avia's operations.

Plaintiffs' attempt to inflate Galaxy's specific role by arguing, in conclusory fashion, that the "RICO Investors" did more than the defendants at issue in *Juul* and *High v. Choice Mfg. Co* (Opp. at 51 n.19) is unpersuasive. The FAC does not contain any well-pleaded allegations that Galaxy did anything more than invest in Avia's business. *High v. Choice Mfg.*, No. C-11-5478 EMC, 2012 WL 3025922, at *8 (N.D. Cal. July 24, 2012) (collecting cases); *see also* Mot. at 12–14. To be sure, while Rule 9(b) permits plaintiffs to make collective allegations against defendants "alleged to have engaged in precisely the same conduct," *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016), Plaintiffs' group pleading here obfuscates the exact facts that set Galaxy apart from the other parties in this case (i.e., the fact that Galaxy did not have a Board seat, or otherwise have the means to control Avia's operations). Conclusions, or arguments based "unwarranted deductions of fact, or unreasonable inferences," should be ignored. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)

Plaintiffs also invite the Court to speculate that Galaxy directed a supposed enterprise because of Mr. You's status as a Board observer. Opp. at 50. But Plaintiffs' argument that an "observer" had any

sort of direction or control over Avia is an "unwarranted inference[]" that cannot satisfy *Reves*. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) ("conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal") (internal quotations omitted). As the Third Circuit and at least one district court in the Ninth Circuit has reasoned, because board observers "cannot vote for board action," "directors' most basic power," they lack the "ability to manage the company's affairs." *Obasi Inv. LTD v. Tibet Pharms.*, *Inc*, 931 F.3d 179, 189 (3d Cir. 2019) (holding that two board observers could not be held liable under Section 11 of the Securities Act); *see also Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2022 WL 2116678, at *16 (W.D. Wash. June 13, 2022) (citing *Obasi* and holding that any "influence" held by board observer fell short of a legal responsibility to manage the business and legal control over its operations). Consistent with the reasoning in those cases, the FAC contains no allegations—none— that Mr. You could or did manage or direct Avia's affairs.

Plaintiffs also spill ink about the *Skillz* litigation. Opp. at 49-50. But Plaintiffs do not argue (and the FAC does not allege) that any Galaxy representative attended or played any role in that proceeding, or that Galaxy ever came up at all during Ms. Chen's deposition. *See* Opp. at 50. Instead, Plaintiffs concede that Galaxy was entirely unconnected to that litigation. Opp. at 50 n.18.

Plaintiffs' last two arguments are specious. First, Plaintiffs assert without citation that "the Investor Defendants have indicated that Avia may claim privilege over some of the documents in the Investors' possession." Opp. at 50. That argument is improper, because no such allegation appears in the FAC. To the extent the Opposition relies on alleged positions taken by Galaxy's counsel "in this litigation" (*id.*), such positions are not a proper basis on which to grant or deny the instant motion to dismiss. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). In any event, generalized reservations of privilege in no way infers that Galaxy directed any supposed RICO enterprise.

Second, Plaintiffs suggest that Ms. Chen's invocation of her Fifth Amendment rights during her deposition in the *Skillz* matter is somehow probative of Mr. You's knowledge of the scheme. Opp. at 44.

Neither the FAC nor the Opposition provides any legal basis for the Court to impute an adverse inference from Ms. Chen's invocation of her Fifth Amendment rights in a deposition in a matter where Galaxy was not even a party and never otherwise came up, and which involved wholly distinct questions of fact and law. *See Ayers v. Lee*, No. 14-cv-00542, 2020 WL 6825589, at \*2 (S.D. Cal. Nov. 20, 2020) (adverse inference against third-party permissible only where it "is trustworthy under all of the circumstances and will advance the search for the truth" (*quoting LiButti v. United States*, 107 F.3d 110, 124 (2d Cir. 1997)). To infer any wrongdoing as to Galaxy from Ms. Chen's Fifth Amendment invocation is not just legally erroneous, but factually implausible.

At bottom, Plaintiffs' arguments against dismissal provide no basis to infer that Galaxy engaged in any specific acts, or even could have engaged in any acts, to direct the supposed fraudulent scheme. And the FAC itself defeats any such argument. Plaintiffs have therefore alleged far less even than the facts deemed legally insufficient in *Juul*. *See JUUL*, 497 F. Supp. 3d at 606 ("Without identification of specific acts taken by the Officer and Director Defendants on the Board (or perhaps a plausibly supported allegation that marketing was controlled through the Board) and the defendants' actual, numerical control of the Board, the very general 'final say' allegation is insufficient as a hook for conduct of the Enterprise."). And Plaintiffs' repeated baseless argument that the "Investors" "held active roles on Avia's board", "occupied a position in the chain of command", or "held significant power over the enterprise" does not merely fall short of Rule 9(b)'s particularity requirement. It is contradicted by the non-conclusory allegations against Galaxy in the FAC. These arguments are precisely the kind of "merely conclusory, unwarranted deductions of fact, or unreasonable inferences" that do not pass muster under Rule 9(b)'s heightened standard. *Gonzalez v. Chattem, Inc.*, No. 23-CV-00102-HSG, 2023 WL 8101923, at \*3 (N.D. Cal. Nov. 21, 2023) (quoting *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).).

**B.    Plaintiffs Do Not Allege Galaxy's Knowing Participation In A Scheme To Defraud**

In its Motion, Galaxy explained that Plaintiffs do not allege that Galaxy knowingly participated in any fraud or illegal gambling operation, or even that Galaxy had knowledge of anyone's wrongdoing.

Mot. at 14-18. In response, Plaintiffs all but concede that Galaxy did not willfully or knowingly participate in Avia's alleged fraud. Indeed, their opposition devotes just a half page to Plaintiffs' impermissible inference that Galaxy knew about Avia's alleged misrepresentations concerning its mobile games. Opp. at 44–45; Opp. at 54 (referring back to Opp. at 44–45).

While admitting, as they must, that "Galaxy does not have a voting position on Avia's board of directors" (Opp. at 44), Plaintiffs nevertheless argue that Galaxy had knowledge of Avia's wrongdoing for three reasons, each specious: first, that "Galaxy knows what it is talking about" because its website listing its portfolio companies references its investment in Avia; second, that Galaxy's representative "serves as an observer" on Avia's Board; and third, that it is "reasonable to infer that Galaxy performed competent due diligence before" investing. Opp. at 44-45, 54.

Plaintiffs' emphasis (Opp. at 44) on the brief reference on Galaxy's website to its investment in Avia does not give rise to any plausible inference of knowledge of Avia's alleged wrongdoing. According to the FAC, the offending passage reads, in pertinent part, "Avia Games uses a complex algorithm to assess and match each player's ability in order to create a fair gaming environment. This algorithm is constantly monitored and updated to prevent players from cheating the system." FAC ¶ 41. These two sentences, Plaintiffs argue, "implies that Galaxy knows what it is talking about." Opp. at 44. It implies no such thing. The mere fact that Galaxy has made this statement does not imply it had knowledge of Avia's purportedly fraudulent scheme. *See* Mot. at 18. It more plausibly implies the opposite.

The fact that a Galaxy representative served as a Board observer also does not save Plaintiffs' case. The FAC does not contain, and Plaintiffs do not otherwise point to, any alleged facts from which the plausible inference can be drawn that information about the supposed fraud was actually shared with Avia's Board in the first place, or any facts that underpin an inference that Galaxy's representative who observed the Board would have otherwise received any information suggestive of Avia's supposed wrongdoing. To the contrary, Plaintiffs allege that Avia's alleged scheme was so "secretive" that Avia may have also misled third parties, including the company's advisors. FAC ¶ 61; *see also* Compl. ¶¶ 52-55, ECF No. 1. Weighed against the dearth of factual allegations concerning Galaxy's knowledge of any

scheme, this "alternative explanation" is the only plausible inference (and not "a tie", as Plaintiffs assert (Opp. at 51)). *Eclectic Props. E. LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–99 (2014) (dismissing complaint where "alternative explanation" came "from plaintiffs' own complaint" and plaintiffs had "not met their burden to do '[s]omething more' to 'render [their] allegations plausible'").

And as to the supposed "due diligence" on which Plaintiffs harp, such facts are not alleged in the FAC. Opp. at 44. Regardless, Plaintiffs do not posit any factual content indicating that Galaxy's supposed due diligence (or its Board observer status) did, or even could have, revealed any evidence of Avia's supposed scheme. To the contrary, this argument contradicts Plaintiffs' other allegations that Avia's scheme was hidden from outside third parties, including trusted advisors. FAC ¶ 61; Compl. ¶¶ 52–55, ECF No. 1. The implausibly of Plaintiffs' inference is compounded by their sole reliance on communications exclusively internal to Avia. *See* Opp. at 45, 47; FAC ¶¶ 2, 6, 53, 59–60, 101 n.103.

Plaintiffs' make-weight reference to Galaxy's alleged expertise in gaming is a non-sequitur. The FAC does not spell out any non-conclusory allegations supporting Plaintiffs' theory that Galaxy's (or Mr. You's) alleged experience in the gaming industry makes an inference of Galaxy's knowing participation in Avia's alleged bots scheme somehow plausible. Mr. You's personal resume working with other companies (*see* Opp. at 14) is irrelevant to Plaintiffs' contention that Galaxy knowingly participated in a Avia's supposed scheme. In fact, it more plausibly supports an inference that Galaxy lacked any knowledge of a supposed scheme.

Plaintiffs' next suggestion, repeating its speculation that Ms. Chen's invocation of her Fifth Amendment rights during her deposition in the Skillz matter is somehow probative of Mr. You's knowledge of the scheme (Opp. at 44), is incorrect for the same reason noted *infra*.

Finally, Plaintiffs argue that the RICO Defendants, as a group, had the "intent to defraud" based solely on either the scheme itself or because Galaxy's reference to its investment in Avia on its investor-facing website was allegedly inaccurate. Opp. at 55. Both arguments are meritless. Plaintiffs suggest that the existence of the "hidden bots" could "only have a deceitful purpose (and no other legitimate business interest)," (Opp. at 44), but the FAC does not allege that Galaxy even knew about such "bots" in the first

place. To the contrary, the FAC more plausibly infers they did not. Then, Plaintiffs argue that "intent to defraud can . . . be inferred from the fact that Galaxy and Acme concealed the presence of bots" on Galaxy's website. Opp. at 55. But the FAC does not sufficiently allege that Galaxy "concealed the presence of bots" at all, let alone had knowledge of them. *See* Mot. at 15–16. Nowhere do Plaintiffs allege, with facts, whether or how Galaxy knew its website description was untrue, how Galaxy knew it was untrue, or that Galaxy intended to defraud anyone (let alone Plaintiffs, who are not even alleged to have seen the webpage). *See* Mot. at 14-18.

### C.      Plaintiffs Do Not Allege A Pattern Of Racketeering Activity By Galaxy

In its Motion, Galaxy explained that Plaintiffs did not plausibly allege a pattern of predicate acts. Opp. at 18-19. Plaintiffs' opposition (Opp. at 58) does not salvage their claim. Plaintiffs' table of purported "Acts of Wire Fraud" (Opp. at 52, 55) only underscores that Plaintiffs' theory against Galaxy rests on Galaxy's blurb about Avia on its website, and Galaxy's 2020 investment. ECF No. 111-1 at 1. As set forth in its Motion (14-18) and above, Plaintiffs allege no basis to plausibly infer that Galaxy engaged in those two acts with knowledge of any fraud, or with the intent to defraud, or knowledge of illegal gambling, which is alone fatal to Plaintiffs' RICO claim. The other "acts" consist of a mix of conduct by Avia's executives (in which Galaxy played no role) or <u>internal</u> Avia communications (to which Galaxy was not alleged to be privy).

### D.      Plaintiffs Do Not Allege Proximate Causation As To Galaxy

In its Motion, Galaxy explained that Plaintiffs fail to allege that Plaintiffs' injury was proximately caused by Galaxy. Indeed, the FAC is devoid of any non-conclusory allegations that Galaxy's investment in Avia or its website proximately injured Plaintiffs. Mot. at 19-20; FAC ¶¶ 10, 12 (alleging Plaintiffs incurred harm as a result of Avia's misleading statements).

In opposition, Plaintiffs argue that the supposed RICO *scheme* harmed Plaintiffs, and each alleged wrongful act does not need to specifically be a but-for cause of their harm. Opp. at 59; *see also In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 968 (N.D. Cal. 2018) (J. Chen). What Plaintiffs miss, however, is that even if Galaxy's alleged wrongful acts can

be separated from the alleged harm by multiple "links" in the "causal chain," they still must be part of that chain in the first place. *See JUUL*, 497 F. Supp. 3d at 619. Here, Plaintiffs do not allege any proximate causal connection between Galaxy's investment in Avia, the brief reference to Avia on its investor-facing website (that Plaintiffs do not allege ever having visited), or its passive role as a Board observer, on the one hand; and any alleged misrepresentation by Avia to Plaintiffs or any other users, on the other hand. *See Holmes v. Sec. Inv. Prot. Corp.,* 503 U.S. 258, 269 (1992) ("the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the violation, as distinct from other, independent, factors").

### E.    Plaintiffs Fail To State A Conspiracy Claim Against Galaxy

Plaintiffs' failure to allege a substantive RICO violation is fatal to the RICO conspiracy claim. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) ("Plaintiffs cannot claim that a conspiracy to violate RICO exist[s] if they do not adequately plead a substantive violation of RICO"). The Court can and should dismiss Plaintiff's claim on this basis alone.

The RICO conspiracy claim is independently deficient because Plaintiffs fail to allege that Galaxy knowingly and personally agreed to facilitate the purported RICO enterprise. Plaintiffs do not contest that in order for Galaxy to be liable under this provision, they must allege that Galaxy was "aware of the essential nature and scope of the [RICO] enterprise and intended to participate in it." Opp. at 64. Plaintiffs must also show that Galaxy "agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). The FAC falls short on both counts—it contains no non-conclusory allegations supporting the inference that Galaxy made any agreements with any party other than its 2020 investment. Accordingly, the RICO conspiracy claim under § 1962(d) should be dismissed along with its substantive claim under § 1962(c).

## II.    PLAINTIFFS FAIL TO ALLEGE PERSONAL JURISDICTION OVER GALAXY

### A.    The FAC Does Not Allege A Basis For Personal Jurisdiction

As an independent basis for dismissal, Plaintiffs have failed to allege that Galaxy purposefully directed any activities toward California in a manner that confers personal jurisdiction over Galaxy, a

foreign defendant. As Plaintiffs acknowledge, California's long-arm statute only confers personal jurisdiction over foreign defendants where such defendants <u>purposefully</u> direct activities towards the forum, the claim arises out of or relates to those activities, and the exercise of jurisdiction would satisfy due process.

To fabricate a geographic link between Galaxy and California, Plaintiffs recite that in 2020, Galaxy invested in Avia, a California-based company. Because such a singular investment alone cannot undergird personal jurisdiction, Plaintiffs insist that they "do <u>not</u> base their jurisdictional allegations simply on Galaxy's ownership or proprietary interest only, but identify instances of how Galaxy and its representatives participated in Avia's activities." Opp. at 66–67. But that's precisely the rub—Plaintiffs identify *no* such fact-based (as opposed to speculative) "instances" in which Galaxy "participated in Avia's activities." *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The only "instance" Plaintiffs could plausibly refer to here is that Mr. You, a non-voting Avia Board observer, is (in his personal capacity) "based" in California. Opp. at 66. As explained above, Plaintiffs do not allege how Mr. You's position as a passive Board observer supports the inference that Galaxy purposefully participated in Avia's alleged wrongdoing in a manner that could underpin the exercise of personal jurisdiction. Nor do Plaintiffs satisfactorily address how Avia's alleged plot to secretly deploy bots in its mobile games "arose out of or related to" Mr. You's status as a Board observer. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023). Plaintiffs' standard does not comport with fair play and substantial justice under the Due Process Clause. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Plaintiffs' assertion that "Galaxy also knew that Avia had many users based in California" is not alleged in the FAC. Opp. at 67.[2] Nor is it persuasive given that, according to Plaintiffs, Avia's entire business consists of mobile games that are playable from anywhere. In fact, neither of the named Plaintiffs are California residents, undercutting any notion Galaxy targeted California residents. FAC ¶¶

---

[2] On this score, the Opposition attempts to have it both ways. Plaintiffs elsewhere argue that "the RICO conspiracy involves Defendants from a variety of states and a scheme that targeted users nationwide." Opp. at 68–69.

9, 11 (alleging that Plaintiffs are residents of Texas and Idaho, respectively).

The remainder of Plaintiffs arguments (Opp. at 66-68) fall back on the same conclusory and implausible inferences that infect the entire FAC, which the Court has no reason to credit. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations" [do] not satisfy [their] pleading burden.").

For related but distinct reasons, RICO's "ends of justice" provision does not provide a basis for personal jurisdiction over Galaxy either. To take advantage of that provision, Plaintiffs acknowledge that the burden is theirs (Opp. at 68) to establish that: (1) Plaintiffs have sufficiently alleged a multidistrict conspiracy encompassing the defendants; (2) the Court has personal jurisdiction over at least one participant in the alleged multidistrict conspiracy; and (3) there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. *Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986); Mot. at 24–25.

Plaintiffs' argument is that the FAC properly alleges a multidistrict conspiracy because "the RICO conspiracy involves Defendants from a variety of states and a scheme that targeted users nationwide." Opp. at 68–69. That mere recitation of the jurisdictional requirement does not satisfy the legal requirement that the FAC plausibly "allege a single nationwide RICO conspiracy." *Butcher's Union Loc. No. 498*, 788 F.2d at 539.  Indeed, for the same reasons set forth in Galaxy's Motion and above, the FAC includes no non-conclusory allegations connecting Galaxy to the other named defendants, with the innocuous exceptions of Galaxy's investment, the concomitant reference on its investor-facing website, and its Board observer status.[3]

_____

[3] Plaintiffs' last suggestion that because "Galaxy has accepted service in the United States," Plaintiffs "served" Galaxy in the United States (Opp. at 69) is erroneous. Galaxy executed a waiver of service pursuant to Rule 4(d) on December 12, 2023 (ECF No. 21). When a foreign defendant executes a waiver of service, they are in the same position as they would be if they had been effectively served under the Hague Service Convention, without any affect or impact on their right to contest personal jurisdiction. *See In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 698 (C.D. Cal. 2022) (reasoning that accepting service merely saved the plaintiffs trouble and "place[d] Defendants in the same position as if service had been effected properly under the Hague Service Convention" without estopping any jurisdictional arguments); *see also In Re Kia Hyundai Vehicle Theft Litig.*, No. 822ML03052JVSKESX, 2023 WL 8126869, at *12 (C.D. Cal. Nov. 15, 2023) (limited appearances with express reservations to contest jurisdiction do not waive jurisdictional arguments).

### B.   Jurisdictional Discovery Is Not Warranted

Since the FAC's claim of personal jurisdiction is "both attenuated and based on bare allegations," the Court should decline Plaintiffs' request for jurisdictional discovery. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006). As discussed, Plaintiffs' claim that Avia misled players into thinking they were playing against humans when in fact they (according to Plaintiffs) were playing against bots has no plausible nexus to Galaxy's investment, and Plaintiffs have alleged no non-conclusory allegations that Galaxy targeted California with any conduct. Moreover, because the FAC contains no allegations that Galaxy influenced or controlled Avia, this is not a case where, as Plaintiffs argue, further facts may plausibly support a jurisdictional hook. For the same reasons, whether or not Mr. You passively received information in the course of acting as a Board observer (Opp. at 60–70) is irrelevant to the jurisdictional analysis. Accordingly, the Court should deny Plaintiffs' request for jurisdictional discovery.

## III.   DISMISSAL WITH PREJUDICE IS WARRANTED

Given the incurable deficiencies discussed above, amendment would be futile. Plaintiffs have already amended their complaint, and while much of the FAC—which Plaintiffs filed with the benefit of reviewing Defendants' prior motions to dismiss—is predicated on facts marshalled during the recent *Skillz* trial (*see, e.g.*, Opp. at 1, 9–13, 16–19), none of that *Skillz* evidence (or argument) implicates Galaxy. Further, the fact that the FAC contains no non-conclusory or material allegations against Galaxy that were not already in the initial complaint highlights that any additional leave to amend would be futile, and for the same reasons, unduly prejudicial to Galaxy. At base, Plaintiffs do not advance any reason why they could further buttress their case against Galaxy, and there is no reason to subject Galaxy to the expense of further litigation. *See Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (affirming dismissal with prejudice where proposed amendment would have been futile).

### CONCLUSION

For the foregoing reasons,[4] Galaxy respectfully requests that the Court dismiss the FAC as against Galaxy with prejudice, and grant such other and further relief as is just and proper.

---

[4] Galaxy joins and incorporates herein the arguments made by Avia, the Individual Defendants, and Acme in their replies in support of their respective motions to dismiss the FAC to the fullest extent applicable to Galaxy.

Dated:  May 23, 2024

Respectfully submitted,

*/s/ Jason Gottlieb*

Jason Gottlieb (NY Bar No. 4056008) *(pro hac vice)*
Daniel Isaacs (NY Bar No. 4875902) *(pro hac vice)*
William Roth (NY Bar No. 5492848) *(pro hac vice)*
**MORRISON COHEN LLP**

Ellen London (SBN 325580)
**LONDON & STOUT P.C.**

*Counsel for Defendant Galaxy Digital
Capital Management, L.P.*