Michael Kind, Esq.
Haim Benoliel, Esq.
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
hb@kindlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PANDOLFI and MANDI SHAWCROFT, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>AVIAGAMES, INC.; VICKIE YANJUAN CHEN; PING WANG; ACME, LLC; GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.; and OTHER UNNAMED CO-CONSPIRATORS;<br><br>Defendants. | Case No. 3:23-cv-05971-EMC<br><br>**KIND LAW AMICUS BRIEF** |

## INTRODUCTION

Kind Law represents[1] 4,132 individual consumers ("Claimants")[2] who intend to bring claims in arbitration against AviaGames ("Avia"). Claimants want to proceed in arbitration but believe that the bellwether provision is unconscionable.

---

[1] Avia is wrong that Claimants are not actually represented. *See* ECF No. 104, p. 11. Each Claimant has retained Kind Law to represent them. Kind Decl., ECF No. 99-4. The exhibits that Avia attached from Kind Law's website from a different case (incorrectly referred to by Avia as a "representation agreement") and the website general disclaimer does not change that fact.

[2] The numbers of Claimants mentioned herein are accurate to date. However, these numbers may increase or decrease with time. The AAA has procedures in place to add or remove claimants from a filing.

1

Claimants understand that this Court is considering the enforceability of Avia's arbitration provision. To assist this Court in its considerations, on April 4, 2024, Michael Kind's declaration was filed in this case, notifying this Court that there were over 1,600 individual consumers seeking to proceed in arbitration against Avia. ECF No. 99-4 (noting that "AviaGames's onerous pre-arbitration requirements were designed to frustrate consumers from bringing their claims [and] that its mass arbitration procedures in the Terms of Service, and specifically the "batching" procedures, are designed to delay justice to consumers").

On May 21, 2024, this Court noted that the status of those claims and whether they are all similar (as to each other) such that they would be subject to Avia's bellwether provision was not clear. ECF No. 113. Kind Law therefore submits this amicus brief to clarify the status of the claims and to specify that the claims are similar to each other. In doing so, Claimants do not concede any arguments herein, especially related to whether their claims should be "batched" in the AAA.

### A. Claimants are 4,132 individual consumers whose claims are similar to each other, and similar to those claims brought in the class

Claimants' claims are all consumer claims and involve allegations of deceptive trade practices arising out of Avia's usage of bots, Avia's false and deceptive advertising practices, and Avia's illegal gambling games. The claims are all similar to each other and similar to those brought in this class action.

Of those, 1,648 have been filed in the AAA.[3] Another 1,483 have been "initiated" through the Terms' 60-day pre-arbitration "Notice of Dispute" requirement. The remainder have not yet been initiated.

---

[3] At the time that Michael Kind's declaration was filed, on April 4, over 1,600 claims were "initiated" through the Terms' 60-day pre-arbitration "Notice of Dispute" requirement. Thus, Avia is wrong that those claims were merely "threatened" and not initiated. ECF No. 104, pp. 10-11. In any case, those claims have since been filed in the AAA.

2

### B. Whether Claimants' claims would be subject to Avia's bellwether provision

As to whether these claims would be subject to Avia's bellwether provision, the issue has not yet been determined in the AAA matters. Avia will likely argue that the bellwether provision should apply because of the similarily of the claims. Claimants will argue that the bellwether provision is not applicable or enforceable. This Court's determination on the issue may affect how that issue is determined in the AAA matters.

### C. The Terms' bellwether procedures are designed to delay justice to consumers

The bellwether provisions in the Terms are merely a tactic to delay justice to consumers—and thereby attempt to prevent harmed consumers from bringing their meritorious claims. Like other leading arbitration forums, the AAA has procedures in place to resolve large numbers of claimants who seek to enforce their consumer rights in arbitration. The AAA's Supplementary Rules are designed "to streamline the administration of large volume filings . . . and are intended to provide parties and their representatives with an efficient and economical path toward the resolution of multiple individual disputes." AAA, Mass Arbitration Supplemntary Rules, ECF No. 105-1; *see also* AAA's Consumer Mass Arbitration and Mediation Fee Schedule ECF No. 105-4, p. 3 (contemplating 3,001 + consumer filings). Because the AAA already has mechanisms in place to allow parties to efficiently resolve their claims through arbitration in large volume filings, Avia's "batching" procedures are not truly needed, and are merely designed to delay justice to consumers.

### D. The Terms' "batch" arbitration provisions are unconscionable because it would likely result in years of delays for Claimants to bring their claims

Requiring a consumer claimant to to wait months or years before they can submit a demand for arbitration is "unreasonably favorable" to the company and unconscionable. *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1040 (N.D. Cal. 2022) ("According to statistics from the American Arbitration Association showing that the average disposition time

3

for an arbitration takes a little under seven months, Plaintiffs calculate that it would take approximately 156 years to resolve the claims of all of Plaintiffs' counsel's clients. . . . The Court agrees with Plaintiffs that this provision is substantively unconscionable.").

Here, Claimants are 4,132 consumers. If Claimants were to be batched into groups of 20, as contemplated under the Terms, there would be about 206 batches. Assuming each batch takes seven months to complete, that would be 1,442 months total (over 120 years) to resolve the 4,132 claims.[4]

## CONCLUSION

This Court should find that Avia's bellwether provision is unenforceable. Avia's procedures are not needed because the AAA already has mechanisms in place to handle mass filings. The procedures are unreasonable because it would result in over 120 years in delays for some Claimants.

Arbitration is inherently a private process. However, should this Court find it helpful, Claimants will be happy to provide additional information to assist this Court in making its determinations.

Dated May 29, 2024.

                                                                       Respectfully submitted,

                                                                       /s/ Michael Kind
                                                                            Michael Kind
                                                                            8860 South Maryland Parkway, Suite 106
                                                                            Las Vegas, Nevada 89123

---

[4] Even looking only at the 1,648 claims that have already been filed, the delay would be unreasonable as it would delay justice to Claimants by up to 48 years (1,648 / 20 per batch = 82.4 batches X 7 months per batch = 48 years).

4