KEKER, VAN NEST & PETERS LLP
STEVEN K. TAYLOR - # 204668
staylor@keker.com
MICHELLE YBARRA - #260697
mybarra@keker.com
W. HAMILTON JORDAN - # 295004
wjordan@keker.com
MAILE YEATS-ROWE - # 321513
myeatsrowe@keker.com
JACQUELINE CONCILLA - #335733
jconcilla@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
AVIAGAMES INC.

KWUN BHANSALI LAZARUS LLP
ASIM M. BHANSALI - # 194925
abhansali@kblfirm.com
KATE E. LAZARUS - # 268242
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Telephone:   (415) 630-2350

Attorneys for Defendants
VICKIE YANJUAN CHEN and PING WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW PANDOLFI and MANDI SHAWCROFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVIAGAMES INC.; VICKIE YANJUAN CHEN; PING WANG; ACME, LLC; GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.; and OTHER UNNAMED CO-CONSPIRATORS,<br><br>Defendants. | Case No. 3:23-cv-05971-EMC<br><br>**AVIA DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:         March 28, 2024<br>Time:        1:30 p.m.<br>Dept:         Courtroom 5 – 17th Floor<br>Judge:      Hon. Edward M. Chen<br><br>Date Filed: November 17, 2023<br>Trial Date: None set |


Case 3:23-cv-05971-EMC   Document 121   Filed 05/31/24   Page 2 of 15

# TABLE OF CONTENTS


Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................2

    A. Question 1: The unconscionability of the bellwether provision must be assessed only as applied to Plaintiffs and the record before the Court. ...................2

        1. The California Supreme Court has prohibited facial challenges to arbitration-related provisions in consumer contracts. .................................3

        2. Courts routinely evaluate the unconscionability of arbitration-related provisions based on the circumstances at the time of enforcement. ..............................................................................................5

        3. Cal. Civil Code § 1670.5 prohibits facial challenges and requires unconscionability to be assessed on case-specific facts. .............................6

    B. Question 2: Unconscionability must be assessed from the Plaintiffs' perspective—not the perspective of similarly situated individuals. ........................8

    C. The Kind Law Firm's mass arbitration is irrelevant to the Court's analysis. ..........9

    D. The bellwether clause is not unconscionable, but if the Court finds otherwise, it must be severed. ..............................................................................10

III. CONCLUSION.....................................................................................................................10


i

AVIA DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
ARBITRATION
Case No. 3:23-cv-05971-EMC

2702683

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Green Tree Fin. Corp.-Alabama v. Randolph*,
  531 U.S. 79 (2000) ................................................................................................................. 1, 4

*McAllister v. Hertz Glob. Holdings Inc.*,
  2018 WL 11536392 (D. Haw. Feb. 22, 2018) ............................................................................ 4

*Morrison v. Circuit City Stores*,
  317 F.3d 646 (6th Cir. 2003) ...................................................................................................... 8

*Stutler v. T.K. Constructors Inc.*,
  448 F.3d 343 (6th Cir. 2006) ................................................................................................... 8, 9

*Toledano v. O'Connor*,
  501 F. Supp. 2d 127 (D.D.C. 2007) ............................................................................................ 8

*Tompkins v. 23andMe, Inc.*,
  840 F.3d 1016 (9th Cir. 2016) .................................................................................................... 4

*Yerkovich v. MCA, Inc.*,
  11 F. Supp. 2d 1167 (C.D. Cal. 1997) ........................................................................................ 7

**State Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
  24 Cal. 4th 83 (2000) ......................................................................................................... passim

*Boghos v. Certain Underwriters at Lloyd's of London*,
  36 Cal. 4th 495 (2005) ................................................................................................................ 8

*Davis v. Kozak*,
  53 Cal. App. 5th 897 (2020) ................................................................................................... 5, 6

*Giuliano v. Inland Empire Pers., Inc.*,
  149 Cal. App. 4th 1276 (2007) .................................................................................................... 8

*In re Marriage of Zucker*,
  75 Cal. App. 5th 1025 (2022) .................................................................................................. 2, 5

*Parker v. McCaw*,
  125 Cal. App. 4th 1494 (2005) .................................................................................................... 8

*Ramirez v. Charter Commc'ns, Inc.*,
  75 Cal. App. 5th 365 (2022) ........................................................................................................ 5

*Sanchez v. Valencia Holding Co., LLC*,
    61 Cal. 4th 899 (2015) .................................................................................................. *passim*

*Serafin v. Balco Properties Ltd., LLC*,
    235 Cal. App. 4th 165 (2015) ................................................................................................10

*Sonic–Calabasas A, Inc. v. Moreno*,
    51 Cal.4th 659 (2011) ..............................................................................................................4

**State Statutes**

Ann. Civ. Code (2011 ed.) p. 74 ...................................................................................................7

Cal. Civil Code, § 1670.5 ................................................................................................1, 5, 6, 7

I.      INTRODUCTION

In concluding that Plaintiffs "have not demonstrated a concrete harm from the putatively unconscionable bellwether provision, as currently applied to them," Dkt. 113 at 16, the Court has answered the only question remaining with regard to the Avia Defendants' Motion to Compel Arbitration: the bellwether provision for adjudicating multiple case filings in Avia's Terms will not cause Plaintiffs unconscionable delay, and the delegation clause should be enforced.

The Court has requested supplemental briefing from the Parties on two questions related to that analysis, neither of which alters that conclusion. *First*, the Court asks: "should the [bellwether] provision be assessed only as applied to the plaintiffs before the court or should it be assessed on its face?" Dkt. 113 at 16.

The answer is clear from both federal and California case law: so-called "facial" challenges are not permitted, and the unconscionability of a provision in a consumer contract must be assessed as applied **to the plaintiffs before the court, on the record before the court**. The Court may not consider speculative harms that might be suffered by unidentified litigants under hypothetical circumstances, and it is reversible error to do so. *See, e.g., Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015). Further, the decision in *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000) does not support a facial challenge here. The California Supreme Court has expressly limited that decision—which, on public policy grounds, established a "categorical rule" against provisions imposing arbitration fees on employees—to mandatory employment arbitration agreements. *Sanchez*, 61 Cal. 4th at 911. In reversing a lower court that improperly applied the *Armendariz* categorical approach to a consumer contract, the *Sanchez* court explained that "[c]onsumers, who face significantly less economic pressure [than employees], would seem to require measurably less protection." *Id.*

And while California Civil Code § 1670.5(a) states that the unconscionability of a contractual clause is assessed "at the time [the contract] was made," *no court* has relied on that language to endorse a so-called "facial" challenge. Rather, because no arbitrable dispute typically exists at the time of contract formation, California courts routinely assess the unconscionability of

1

arbitration provisions in the consumer context based on the facts at the time of enforcement. *See, e.g., In re Marriage of Zucker*, 75 Cal. App. 5th 1025, 1041 (2022). This approach makes sense. Because courts may not speculate in assessing unconscionability, they must assess potential harms arising from an arbitration provision once the arbitrable dispute, and facts related to any putative burden, have actually arisen. In any event, whether at the time Plaintiffs agreed to Avia's Terms, or now as Avia seeks to enforce them, the answer is the same: the delegation clause is not unconscionable.

*Second*, the Court asks whether "unconscionability of the delegation clause/bellwether provision [is] assessed from the perspective of Plaintiffs specifically or that of a reasonable player (*i.e.*, not just Plaintiffs but also those similarly situated)?" Dkt. 113 at 16. The answer to this question flows from the first: the Court must consider the burdens on the Plaintiffs themselves, and not others "similarly situated." The California Supreme Court in *Sanchez* is unambiguous on that point, holding that courts may invalidate arbitration provisions only where the actual plaintiff has demonstrated an unfair burden. 61 Cal. 4th at 920–21. Plaintiffs have not done so here.

In short, all of the authority relevant to the Court's limited inquiry here—whether delegating threshold questions of arbitrability will result in unconscionable delay—confirms that the Court must disregard hypothetical burdens. Instead, the Court must consider whether the bellwether provision renders the delegation clause unconscionable on the record before it, and as applied to the Plaintiffs before it. There, the Court's analysis is complete. Plaintiffs have not established any "concrete harm" that will arise from the bellwether provision, as applied to them. They have thus failed to carry their burden, and the delegation clause must be enforced.

## II. ARGUMENT

### A. Question 1: The unconscionability of the bellwether provision must be assessed only as applied to Plaintiffs and the record before the Court.

In its first question, the Court asks whether the unconscionability of the bellwether clause must be "assessed at the time the agreement…was made or, instead, at the time the agreement… is sought to be enforced? In other words, should the provision be assessed only as applied to the plaintiffs before the court or should it be assessed on its face." Dkt. 113 at 16. As explained

below, the Court must evaluate the unconscionability of the delegation clause and bellwether provision in reference to the Plaintiffs and record before the Court. It may not entertain a so-called "facial" challenge and may not rely on unsubstantiated burdens to find unconscionability.

### 1. The California Supreme Court has prohibited facial challenges to arbitration-related provisions in consumer contracts.

In its Order, the Court stated that the California Supreme Court decision in *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 110 (2000) supports the view that unconscionability "is a prospective analysis which does not require proof that a particular plaintiff has already been adversely affected." Dkt. 113 at 16. But *Armendariz* does not support that conclusion here. Rather, that case has virtually no application to this consumer class action because (1) it involved a mandatory employment arbitration agreement; and (2) the relevant holding was based on "public policy" and not "unconscionability." In *Armendariz*, the Court established a categorical rule invalidating any "mandatory employment arbitration agreement" that imposed arbitration fees on an employee. *Armendariz*, 24 Cal. 4th at 110–111. The Court reasoned that the imposition of such fees was not unconscionable but actually "contrary to public policy" given the risk that burdensome fees would deter employees from exercising certain "unwaivable" rights. *Id.*

Subsequent decisions from the California Supreme Court, however, have expressly limited *Armendariz*'s "categorical" approach to mandatory employment arbitration provisions. For example, in *Sanchez*, the Court held that, outside of the employment context, unconscionability must be assessed on a "case-by-case basis"—expressly requiring courts to examine a plaintiff's actual burdens in assessing unconscionability in the consumer context. 61 Cal. 4th 899, 919 (2015). In so holding, the Court reversed a Court of Appeal decision that improperly speculated about the *potential* burden of a fee allocation clause in a consumer arbitration provision. The Court specifically distinguished the consumer contract at issue in *Sanchez* from the mandatory employment contract at issue in *Armendariz*, reasoning that "[a] family in search of a job confronts a very different set of burdens than one seeking a new vehicle. Consumers, who face significantly less economic pressure[,] would seem to require measurably

less protection." *Id.* (quoting and adopting holding from *Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77, 97 (2003)). Accordingly, the Court reasoned, "the [fees] provision cannot be held unconscionable ***absent a showing*** that [the relevant] fees and costs in fact would be unaffordable or would have a substantial deterrent effect in [the plaintiff's] case." *Id.* (emphasis added).

The California Supreme Court's requirement that unconscionability in consumer cases be based on a specific showing of burden is consistent with federal case law holding that Plaintiffs bear the burden of proving, with particularized evidence, the unconscionability of the contract they seek to invalidate. *See, e.g., Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (citing *Sanchez*, 61 Cal. 4th at 911); *Green Tree Fin. Corp.-Alabama*, 531 U.S. at 91 (where "the record does not show" that a burden will manifest, the mere 'risk' of that burden is "too speculative to justify the invalidation of an arbitration agreement."); *McAllister v. Hertz Glob. Holdings Inc.*, 2018 WL 11536392, at *4 (D. Haw. Feb. 22, 2018) ("[S]peculative fears of unconscionable burdens are insufficient to invalidate an arbitration agreement.").

Moreover, whereas the Court here is assessing the *unconscionability* of Avia's bellwether provision, the Court in *Armendariz* was assessing whether the relevant provision violated California *public policy*. These two inquiries are "different in important respects." *Sonic–Calabasas A, Inc. v. Moreno*, 51 Cal.4th 659, 686 (2011). "A public policy defense is concerned with the relationship of the contract to society as a whole, and targets contractual provisions that undermine a clear public policy." *Id.* Unconscionability, on the other hand, "is concerned with the relationship between the contracting parties and one-sided terms, such that consent in any real sense appears to be lacking. Contracts can be contrary to public policy but not unconscionable and vice versa." *Id.* In *Armendariz*, the Court concluded that the risk that the fees provision would "chill[]s the exercise of [an unwaivable] right" was "contrary to public policy." 24 Cal. 4th at 110. This reasoning was plainly distinct from the Court's discussion of unconscionability elsewhere in the opinion, where the Court focused on the parties and record before it. *Id.* at 121 ("Although an employer may be able, in a future case, to justify a unilateral arbitration agreement, the employer in the present case has not done so.").

In light of both *Sanchez*, and the "public policy" reasoning in *Armendariz*, this Court

cannot rely on *Armendariz* here to assess the bellwether provision "on its face." Dkt. 113 at 16. Rather, *Sanchez* requires this Court to consider whether the bellwether provision would "in fact" cause Plaintiffs an unreasonable burden. This Court has already concluded that Plaintiffs "have not demonstrated a concrete harm" associated with the bellwether provision. *Id.* Accordingly, under *Sanchez,* the bellwether and delegation clauses must be enforced.

### 2. Courts routinely evaluate the unconscionability of arbitration-related provisions based on the circumstances at the time of enforcement.

Notwithstanding the language of section 1670.5, discussed in further detail below (*see* section II.A.3, *infra*), California courts routinely evaluate the unconscionability of arbitration-related provisions "at the time of enforcement of the agreement, not execution of the agreement." *In re Marriage of Zucker*, 75 Cal. App. 5th at 1041. This is particularly true when evaluating whether arbitration procedures meet the "minimum standards of fairness" required to be enforceable. *Id.* For example, when considering whether an arbitration provision's limits on discovery are unconscionable, the California Court of Appeal has repeatedly held that the analysis is "based on the specific discovery needs of the plaintiff's case." *Id; see also Ramirez v. Charter Commc'ns, Inc.*, 75 Cal. App. 5th 365, 385 (2022) ("Generally, unconscionability is determined at the time the agreement was made (Civ. Code, § 1670.5), yet courts have consistently assessed unconscionability for limitations on discovery *as applied to a particular plaintiff*." (cleaned up, emphasis added)). In other words, courts may not consider a "facial" challenge to an arbitration provision limiting discovery and hold that provision unenforceable based on a hypothetical plaintiff's need for extensive discovery. Rather, the Court must consider "whether the plaintiffs have demonstrated that the discovery limitations will prevent them from adequately arbitrating their statutory claims." *Davis v. Kozak*, 53 Cal. App. 5th 897, 910–911 (2020). To render an arbitration provision invalid, "there must be some showing of inadequacy under the circumstances of the case." *Ramirez*, 75 Cal. App. 5th at 385.

The same reasoning should apply to the Court's analysis of the bellwether provision in Avia's Terms. A court cannot evaluate whether limitations on discovery are unconscionable based on the facts at the time the arbitration agreement was made, because the dispute did not

exist and no party knew what the discovery needs would be. Similarly, here, the Court cannot evaluate whether the bellwether provision would result in unconscionable delay based on the facts at the time it was agreed to, because no claimants yet existed. More to the point, at the time the agreements with Plaintiffs were made—January 2023 (Pandolfi) and July 2023 (Shawcroft)[1]—the bellwether provision was not even triggered; under Avia's Terms, the bellwether provision is only triggered when "twenty-five (25) or more similar claims are asserted against Aviagames . . . by the same or coordinated counsel." Dkt. 73-1 at Ex. 1 at ¶ 15(c)(6). Just as it would be improper for a court to invalidate parties' agreed-upon discovery limitations based on a plaintiff's hypothetical discovery needs, it would be improper for this Court to invalidate the parties' agreed-upon bellwether process (much less the entire delegation clause) based on a hypothetical delay due to hypothetical claimants who are not before the Court. Rather, the Court must consider whether the plaintiffs *actually before the Court* have "demonstrated that the [bellwether provision] will prevent them from adequately arbitrating their statutory claims." *Davis*, 53 Cal. App. at 910–911. Here, the Court has already established, on the record before it, that the bellwether provision will not prevent Plaintiffs from adequately arbitrating their claims. Dkt. 113 at 16. Therefore, it is not unconscionable.

### 3. Cal. Civil Code § 1670.5 prohibits facial challenges and requires unconscionability to be assessed on case-specific facts.

Finally, neither the plain language of California Civil Code § 1670.5 nor the cases interpreting it change that calculus. Although § 1670.5(a) states that unconscionability should be assessed "at the time [the contract] was made," the very next provision expressly requires that unconscionability assessments be made on a case-specific basis, in reference to the actual parties and record before the Court:

> When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to [the putatively unconscionable term's] commercial setting, purpose, and effect to aid the court in making the determination.

Cal. Code Civ. P. § 1670.5(b). Far from inviting a facial challenge, the statute calls for the

---

[1] *See* Dkt. 73-1 ¶¶ 12-13.

presentation of evidence, confirming that unconscionability must be assessed based on the record before the Court, and as applied in the particular circumstances presented by the case. If the statute intended for courts to undertake a "facial" assessment of unconscionability, no evidence would be necessary because the court would base its ruling on potential, hypothetical burdens.

The official California Assembly comment accompanying § 1670.5 supports the requirement of a case-specific assessment of unconscionability. The Assembly observed that:

> the basis test [of unconscionability] is whether, ***in the light of the general background and the needs of the particular case***, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract.

Rep. on Assem. Bill No. 510 (1979–1980 Reg. Sess.) 5 Assem. J. (1979-1980 Reg. Sess.) p. 9231, reprinted as Legis. Com. Com., 9 West's Ann. Civ. Code (2011 ed.) p. 74 (Official Comment).[2]  The Assembly further commented that subparagraph (b) was added specifically to "make[] it clear that it is proper for the court to hear evidence upon these questions." *Id.* In other words, the Legislature, in adopting § 1670.5, expressly stated that it understood the test for unconscionability to be based on the "*needs of the particular case*" and adopted a provision calling for the presentation of evidence specifically to support a case-specific evaluation. *Id.*

The Avia Defendants have not identified a single California decision construing § 1670.5 to mean that the unconscionability can be "assessed on its face"—*i.e.,* in reference to burdens not established by the record. Rather, courts generally take the view that this provision calls for an unconscionability assessment "based on the law *and facts* at the time of the agreement." *Yerkovich v. MCA, Inc.*, 11 F. Supp. 2d 1167, 1173 (C.D. Cal. 1997) (emphasis added). No court has interpreted § 1670.5 as permitting it to disregard facts altogether. And as discussed above, , California courts routinely consider facts not at the time of contract execution, but at the time of enforcement—especially when, as here, the facts at the time of enforcement are most relevant to the parties' putative burdens. *See supra* Section II.A.2.

---

[2] *See also Sanchez*, 61 Cal. 4th at 935  (Chin, J., concurring) (discussing relevance of the official comment in construing the statute).

**B.   Question 2: Unconscionability must be assessed from the Plaintiffs' perspective—not the perspective of similarly situated individuals.**

The Court's second question—whether the Court must consider unconscionability in reference to the Plaintiffs only, or whether it can consider the bellwether provision's potential effects on "similarly situated" individuals—is largely answered by the foregoing analysis. Neither *Armendariz* nor *Morrison v. Circuit City Stores*, 317 F.3d 646, 663 (6th Cir. 2003), both of which the Court referenced in its May 21 Order, support the view that a Court should evaluate an unconscionability challenge to Avia's bellwether provision from the perspective of anyone other than Plaintiffs.

*Armendariz*, which concerned the imposition of fees in mandatory employment contracts, is inapposite. Although the *Armendariz* Court considered similarly-situated employees' ability to pay in concluding that "the imposition of substantial forum fees is contrary to public policy," *Armendariz*, 24 Cal. 4th at 110, that decision is inapplicable to the consumer context, as explained above. *Sanchez*, 61 Cal.4th at 919–920; *see also Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495, 507 (2005) (noting that *Armendariz* might not extend "beyond the employment context"); *Giuliano v. Inland Empire Pers., Inc.*, 149 Cal. App. 4th 1276, 1290 (2007) ("*Armendariz* does not apply to this case because it is not based on … a fundamental public policy that is tied to a constitutional or statutory provision."); *Parker v. McCaw*, 125 Cal. App. 4th 1494, 1507 (2005).[3]

Similarly, the Sixth Circuit held in *Morrison v. Circuit City Stores* that courts can consider "the possible 'chilling effect' of the cost-splitting provision on similarly situated potential litigations, as opposed to its effect merely on the actual plaintiff in any given case." 317 F.3d 646, 663 (6th Cir. 2003). But there, too, the Sixth Circuit "clearly limited [its] holdings in *Morrison*…to the validity of arbitration clauses in employment agreements where an employee's statutorily created federal civil rights are at issue." *Stutler v. T.K. Constructors Inc.*, 448 F.3d 343, 345 (6th Cir. 2006). In *Stutler*, the Sixth Circuit—like the California Supreme Court in *Sanchez*—

---

[3] *See also Toledano v. O'Connor*, 501 F. Supp. 2d 127, 150 (D.D.C. 2007) (noting that *Armendariz*'s "per-se rule" invalidating arbitration agreements that require employees to pay arbitration fees "has never been applied outside the employer-employee context").

reversed the trial court that inappropriately denied a motion to compel arbitration in circumstances that did not implicate an employment contract, or federal statutory civil rights. *Id.*

In sum, the few cases permitting courts to consider harm to "similarly situated" plaintiffs, and not just the actual harm to the plaintiffs before the court, are limited to mandatory employment contracts—and, in particular, cases implicating statutory civil rights claims—where there is heightened concern about potential "chilling" effects of arbitration provisions. In this consumer context, where there is no such heightened concern, the Court must undertake a case-by-case assessment of the harms actually likely to befall these Plaintiffs. Again, the Court has already found that the existence of 35 additional claimants represented by Plaintiffs' counsel will not result in unfair delay for *these Plaintiffs*. Dkt. 113 at 17.

**C.     The Kind Law Firm's mass arbitration is irrelevant to the Court's analysis.**

Because the Court must evaluate the impact of the bellwether clause in reference to the actual Plaintiffs—and not other putative claimants—no further evidence is relevant to the Court's analysis. Indeed, the Kind Law Firm's recently-filed mass arbitration is a red herring. Under Avia's Terms, the bellwether provision applies to cases brought "by the same or coordinated counsel or are otherwise coordinated." *See* Dkt. 73-1 at Ex. 1 at ¶ 15(c)(6). To date, neither Plaintiffs' counsel nor the Kind Law Firm has represented to the Court that they would seek to coordinate proceedings before AAA, meaning any bellwether proceeding involving Plaintiffs' claims would proceed separately from the Kind Law Firm arbitrations. Plaintiffs will experience *no delay* due to the Kind Law Firm's claimants. Moreover, the Kind Law Firm's claimants have not raised any assertion that Avia's delegation clause is unconscionable or that Avia's arbitration provisions are invalid. It would be improper—and, more fundamentally, illogical—to hold that Avia' bellwether provision is unenforceable as to the Plaintiffs in *this case* because of the potential wait that *completely different claimants*, who have made no effort to assert claims in federal court, may experience in the adjudication of their claims under the bellwether process. And the AAA Rules are specifically designed to ensure early resolution of threshold issues and an efficient path towards dispute resolution. *See* Dkt. 104 at 7-10.

Finally, while the Kind Law firm has recently filed 1,648 arbitration demands, it did so

9

only after it was invited to submit an amicus brief in the Court's May 21 Order, and Avia has not received confirmation from AAA that it has met the filing requirements. Declaration of Michelle Ybarra ¶ 10, 11. Meanwhile, the Kind Law Firm has still refused to provide Avia information about its clients, including the Avia games they played, the amount of money they claimed to have lost, or any facts showing how, if at all, those claimants were harmed. *Id.* ¶ 3. In any event, the existence of these or other arbitrations does not have any bearing on the question before this Court, which is whether Plaintiffs have met their burden in showing Avia's delegation clause or bellwether provision is unconscionable *as to Plaintiffs*. They have not.

### D. The bellwether clause is not unconscionable, but if the Court finds otherwise, it must be severed.

Even under a "facial" challenge, Avia's bellwether provision is not unconscionable. As explained in the Avia Defendants' first Supplemental Memorandum, the AAA Mass Arbitration Supplementary rules ensure early resolution of threshold issues like arbitrability through the Process Arbitrator, who is authorized to make group-wide decisions regarding arbitrability at the outset, regardless of the number of claimants. *See* Dkt. 104 at 7–10.

Moreover, if the Court *were* to find that the bellwether provision is "facially" unconscionable, the proper remedy is to sever the bellwether provision and leave the delegation clause intact. As is clear from the Court's May 21 Order, the sole provision that the Court appears to believe may render the delegation clause unconscionable is the bellwether provision. That solitary provision is easily severable. Where only one easily excised term renders an otherwise valid and binding delegation clause unconscionable, the agreement is necessarily not "permeated by unconscionability" and the appropriate remedy is severance of the unconscionable term. *Serafin v. Balco Properties Ltd., LLC*, 235 Cal. App. 4th 165, 183–84 (2015) ("[A] court should sever an unconscionable provision unless the agreement is so 'permeated' by unconscionability that it cannot be cured by severance.").

### III. CONCLUSION

For the foregoing reasons, the Avia Defendants respectfully request that the Court find the bellwether clause not unconscionable and grant their motion to compel arbitration.

| | |
|---|---|
| Dated: May 31, 2024 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ *Michelle Ybarra* |
| | STEVEN K. TAYLOR |
| | MICHELLE YBARRA |
| | W. HAMILTON JORDAN |
| | MAILE YEATS-ROWE |
| | JACQUELINE CONCILLA |
| | |
| | Attorneys for Defendant |
| | AVIAGAMES INC. |
| | |
| Dated: May 31, 2024 | KWUN BHANSALI LAZARUS LLP |
| | |
| | By: /s/ *Asim M. Bhansali* |
| | ASIM M. BHANSALI |
| | KATE E. LAZARUS |
| | |
| | Attorneys for Defendants |
| | VICKIE YANJUAN CHEN and PING WANG |

.