Todd Logan (SBN 305912)
EDELSON PC
150 California St, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300
Fax: 415.373.9435
tlogan@edelson.com

Matthew S. Tripolitsiotis (*pro hac vice*)
BURNS CHAREST LLP
757 Third Ave, 20th Floor
New York, NY 10017
Tel: 469.895.5269
mtripolitsiotis@burnscharest.com

Spencer Cox (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, D.C. 20016
Tel.: 202.577.3977
Fax: 469.444.5002
scox@burnscharest.com

*(Additional counsel on signature page.)*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW PANDOLFI and MANDI SHAWCROFT, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>AVIAGAMES, INC.; VICKIE YANJUAN CHEN; PING WANG; ACME, LLC; GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.; and OTHER UNNAMED CO-CONSPIRATORS;<br><br>Defendants. | Case No. 3:23-cv-05971-EMC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' THIRD SUPPLEMENTAL OPPOSITION TO AVIA'S MOTION TO COMPEL ARBITRATION**<br><br>Date:  March 28, 2024<br>Time: 1:30 p.m.<br>Dept: Courtroom 5 – 17th Floor<br>Judge: Honorable Edward M. Chen<br><br>Date filed: November 17, 2023<br>Trial Date: None Set |

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................ii

TABLE OF AUTHORITIES ............................................................................................................iii

STATEMENT OF ISSUES TO BE DECIDED ...............................................................................iv

INTRODUCTION .............................................................................................................................1

ARGUMENT .....................................................................................................................................1

    I.    The California Supreme Court expressly held that unconscionability is evaluated at the time of the agreement, not the time of enforcement. ........................................................1

    II.    This Court's severance analysis is consistent with the principles laid out by the California Supreme Court in *Ramirez*............................................................................3

        A.    *Ramirez* re-affirms the substantive law at the root of this Court's severability analysis.                                3

        B.    The number of unconscionable provisions is informative, not dispositive. .......3

        C.    *Ramirez* clarified a three-step framework for considering whether to sever. .....4

CONCLUSION..................................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
    24 Cal. 4th 83 (2000) ................................................................................................... 3, 4, 5, 6

*OTO, L.L.C. v. Kho*,
    8 Cal.5th 111, 447 P.3d 680 (2019) ................................................................................................ 2

*Ramirez v. Charter Commc'ns, Inc.*
    75 Cal. App. 5th 365 (2022) ............................................................................................................. 1

*Ramirez v. Charter Commc'ns, Inc.*,
    --- P.3d ---, 2024 WL 3405593 (July 15, 2024 Cal.) ................................................................. passim

*Subcontracting Concepts (CT), LLC v. De Melo*,
    34 Cal. App. 5th 201, 215 (2019) ..................................................................................................... 4

*Yeomans v. World Fin. Grp. Ins. Agency, Inc.*,
    485 F. Supp. 3d 1168 (N.D. Cal. 2020) ............................................................................................ 4

**Statutes**

Cal. Civ. Code § 1670.5(a) ................................................................................................................ 2

**STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to Local Rule 7-4(a)(3), this supplemental opposition addresses the following issue raised in the Court's July 29, 2024 Order (Dkt. 129):

1. What is "the effect, if any, of the California Supreme Court case *Ramirez v. Charter Communications, Inc.*, 2024 WL 3405593, 2024 Cal. LEXIS 3696 (July 15, 2024) on this Court's order denying the motion to compel arbitration"?

# INTRODUCTION

This Court has issued two orders on the Avia Defendants' motion to compel arbitration that discuss the California Court of Appeal decision *Ramirez v. Charter Commc'ns, Inc.* 75 Cal. App. 5th 365, 385 (2022). First, in deferring decision on the motion to compel arbitration, the Court flagged the holding on unconscionability of discovery provisions being determined "as applied" and asked for supplemental briefing. (Dkt. 113 at 17.) Second, in denying the motion to compel arbitration, the Court again relied on *Ramirez* to find "California case law recognizes that, although usually unconscionability is determined at the time the agreement was made under § 1670.5(a), courts have consistently assessed unconscionability for limitations on discovery as applied to a particular plaintiff." (Dkt. 128 at 6 (alternations and internal quotations omitted).) Nevertheless, the Court found that—whether evaluated as applied or at the time of agreement—the relevant clause here was unconscionable.

Following oral argument on the motion to compel arbitration here, the California Supreme Court issued its decision in *Ramirez v. Charter Commc'ns, Inc.*, --- P.3d ---, 2024 WL 3405593, at *11 (July 15, 2024 Cal.), reversing and remanding the Court of Appeal decision. In particular, the California Supreme Court explained the "approach to addressing unconscionability challenges to discovery clauses [as applied] in arbitration agreements seems to be taking hold, and it clearly looks to post-contract formation circumstances. **We disapprove this line of reasoning**." *Id*. (emphasis added).

The California Supreme Court's decision reinforces this Court's decision on the motion to compel arbitration for two reasons: (a) it rejected the trend of evaluating unconscionability in discovery at the time of enforcement, making the Court's facial interpretation controlling; and (b) it commented on severability issues in a way this is consistent with this Court's ruling. As such, the Court's order denying the motion to compel arbitration should be left undisturbed. If anything, the Supreme Court decision reinforces its providence.

# ARGUMENT

**I.     The California Supreme Court expressly held that unconscionability is evaluated at the time of the agreement, not the time of enforcement.**

The California Court of Appeal decision in *Ramirez* caused the Court here to consider whether unconscionability of the bellwether provision should be determined at the time of agreement or "as

1

Plaintiffs' Second Supplemental Opposition to Avia's Motion to Compel Arbitration
Case No. 3:23-cv-05971-EMC

applied." The Court here ultimately found that this was a non-issue because the clause was unconscionable "[u]nder either approach." (Dkt. 128 at 6.) With the Supreme Court's decision reversing and remanding in *Ramirez*, however, it is clear that the analysis "as applied" is not the correct standard and the California Civil Code's mandate to evaluate whether a contract is "unconscionable at the time it was made" is the proper standard. Cal. Civ. Code § 1670.5(a). Accordingly, the Court's analysis at the time of the agreement, Dkt. 128 at 6-9, is the correct analysis.

The California Supreme Court began with the maxim that "an unconscionability assessment focuses on circumstances known at the time the agreement was made." *Ramirez*, 2024 WL 3405593, at *11. It noted that the "Court of Appeal acknowledged this general principle, but reasoned that other courts had 'consistently assessed unconscionability for limitations on discovery as applied to a particular plaintiff.'" *Id*. It further recognized a number of cases that were in accord with this principle and noted that this view with respect to evaluating discovery provisions "seems to be taking hold," however, it rejected this line of cases noting, "We disapprove this line of reasoning." *Id*.

The *Ramirez* Court unambiguously ruled that "assessment of whether a discovery clause is unconscionable should focus on general factors that can be examined without relying on subsequent developments." *Id*. at *12. This is because "a substantive unconscionability analysis is sensitive to 'the context of the rights and remedies that otherwise would have been available to the parties.'" *Id*. (quoting *OTO, L.L.C. v. Kho*, 8 Cal.5th 111, 447 P.3d 680 (2019)).

Here, in denying the motion to compel arbitration, the Court has already examined the clause "without relying on subsequent developments." It found that at "the time of contract formation, the delegation clause taken together with the bellwether provision has a chilling effect on players." (Dkt. 128 at 6.)

> "At the time of contract formation, it is predictable that a player could have a dispute with Avia based on a company policy that applies across-the-board to *all* players. If the policy applies across-the-board to all players, then a player who arbitrates her claim will likely be subject to the bellwether provision: (1) there will be other players who have the same kind of claims and, thus, (2) as discussed *infra*, there will likely be

> coordination of all arbitrating players' claims in arbitration, regardless of who the players' lawyers are."

*Id*. at 7. The Court reasoned, "Because the bellwether provision allows for arbitration of only twenty cases at a time—and with the default of only one case being assigned to each arbitrator—there would likely be delay in resolution of the players' claims. Indeed, there would be delay just to obtain a resolution of the gateway issue of whether a claim is arbitrable in the first instance." *Id*. at 7-8 (citation omitted). It is that "prospect of delay" that "likely has a chilling effect on players, deterring them from vindicating their rights." *Id* at 8.

*Ramirez* confirms that this Court's analysis of the unconscionability of the bellwether clause at the time of contract controls and the motion to compel arbitration should remain denied.

## II. This Court's severance analysis is consistent with the principles laid out by the California Supreme Court in *Ramirez*.

The *Ramirez* Court also clarified the law regarding severance and, in doing so, affirmed the wisdom of this Court's severability analysis. The *Ramirez* Court addressed severance in three separate, but related, pronouncements.

### A. *Ramirez* re-affirms the substantive law at the root of this Court's severability analysis.

First, *Ramirez* re-affirmed the basic principles of whether to sever as articulated in *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000). *See Ramirez*, 2024 WL 3405593, at *17-19. *Armendariz* was the ultimate source law for this Court's citation to *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 485 F. Supp. 3d 1168, 1189-90 (N.D. Cal. 2020), which the Court relied on in refusing to sever the unconscionable provisions at issue here. (Dkt. 128 at 18). Thus, the California Supreme Court's endorsement of *Armendariz* confirms the substantive law on which this Court relied.

### B. The number of unconscionable provisions is informative, not dispositive.

Second, the California Supreme Court used *Ramirez* to clarify that, despite some lower courts' indications to the contrary, the number of unconscionable terms is not, by itself, dispositive of whether severance is appropriate: "[W]e clarify that no bright line rule *requires* a court to refuse enforcement if a contract has more than one unconscionable term. Likewise, a court is not *required* to sever or restrict

an unconscionable term if an agreement has only a single such term." *Ramirez*, 2024 WL 3405593, at *19. That said, the *Ramirez* Court acknowledged the non-controversial point that "it is fair to say that the greater the number of unconscionable provisions a contract contains the less likely it is that severance will be the appropriate remedy." *Id.*; *see* Dkt. 128 at 18 (explaining "the fact that an 'arbitration agreement contains more than one unlawful provision' may 'indicate a systematic effort to impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage' and may justify a conclusion 'that the arbitration agreement is permeated by an unlawful purpose'" (citing *Subcontracting Concepts (CT), LLC v. De Melo*, 34 Cal. App. 5th 201, 215 (2019))).

Thus, although the Court's finding that AviaGames' terms contain three unconscionable provisions is not completely dispositive, *Ramirez* confirms the common-sense notion that it certainly makes it less likely that severance is appropriate.

C. ***Ramirez* clarified a three-step framework for considering whether to sever.**

Third, the *Ramirez* Court laid out a three-step process for analyzing whether severance is appropriate using the factors previously outlined in *Armendariz*:

[1]   "At the outset, a court should ask whether "the central purpose of the contract is tainted with illegality." (*Armendariz*, *supra*, 24 Cal.4th at p. 124, 99 Cal.Rptr.2d 745, 6 P.3d 669.) If so, the contract cannot be cured, and the court should refuse to enforce it."

*Ramirez*, 2024 WL 3405593, at *19. This Court analyzed the provisions at issue and found that multiple provisions—including the bellwether, delegation, and statute-of-limitations provisions—were designed "to chill, *i.e.*, to deter players from even pursuing rights in the alternative (arbitral) forum in the first place." (Dkt. 128 at 13). As a result, the Court's ruling that "[t]he arbitral forum therefore has been structurally and systematically designed to be an inferior forum, and the Court will not sever to save the agreement to arbitrate," *id*. at 18, is completely aligned with *Ramirez*. *Accord Ramirez*, 2024 WL 3405593, at *19 (confirming that severance is appropriate if "the stronger party engaged in a systematic effort to impose arbitration on the weaker party . . . to secure a forum that works to the stronger party's advantage."). Having found that AviaGames' effort to impose arbitration was "structurally and

systematically designed to be an inferior forum," *Ramirez* requires that severance be denied without any further analysis required.

[2] "[T]he court should go on to ask first, whether the contract's unconscionability can be cured purely through severance or restriction of its terms, or whether reformation by augmentation is necessary."

*Ramirez*, 2024 WL 3405593, at *19. If the agreement passes the first step (which this one does not), *Ramirez* then instructs courts to consider whether severance can be accomplished without a corresponding need to reform or augment the agreement. This Court did not analyze the need for reformation or augmentation in its Order, but *Ramirez* confirms that it did not need to because severance was appropriately denied under the analysis described in *Ramirez*'s first step. And, as discussed below, the ability of a contract to be reformed is not dispositive in any event.

[3] "Even if a contract *can* be cured, the court should also ask whether the unconscionability *should* be cured through severance or restriction because the interests of justice would be furthered by such actions."

*Ramirez*, 2024 WL 3405593, at *19 (citing *Armendariz*, 24 Cal.4th at 124). The last step in the *Ramirez* framework requires an examination of whether severance, even if possible without reformation, "would function to condone an illegal scheme and whether the defects in the agreement indicate that the stronger party engaged in a systematic effort to impose arbitration on the weaker party not simply as an alternative to litigation, **but to secure a forum that works to the stronger party's advantage**." *Id* (emphasis added). That is exactly what the Court found here: "**The arbitral forum therefore has been structurally and systematically designed to be an inferior forum**, and the Court will not sever to save the agreement to arbitrate." (Dkt. 128 at 18) (emphasis added).

"In conducting this analysis, the court may also consider the deterrent effect of each option." *Ramirez*, 2024 WL 3405593, at *19. Per *Ramirez*, severing multiple unconscionably provisions could create an "incentive" for the party with the superior bargaining power to "draft a onesided arbitration agreement" so replete with illegal provisions such that the sheer one-sidedness of the contract would deter challenges to the unlawful provisions, but that even if such challenges materialized, the only

consequence would be that the court would simply modify the agreement to include the fair terms that "should have been included in the first place." *Id.*

*Ramirez's* guidance to consider the stronger party's incentives is consistent with the Court's recognition of the "chilling effect" of the delegation clause and finding that the "Avia Defendants are not entitled to rely on severance as a fix when they profited from inclusion of the bellwether provision in the first instance, *i.e.*, because it may have had a chilling effect that deterred players from ever pursuing their rights in the arbitral forum available to them." (Dkt. 128 at 13). Thus, severance "does not cure the problematic chilling effect of the unconscionable bellwether provision." *Id.*

## CONCLUSION

The California Supreme Court's decision in *Ramirez* reinforces the providence of this Court's decision denying the Avia Defendants' motion to compel arbitration. Accordingly, that decision should be left undisturbed.

Dated: May 31, 2024                                   Respectfully submitted,

/s/ *Matthew S. Tripolitsiotis*
Matthew S. Tripolitsiotis (*pro hac vice*)
BURNS CHAREST LLP
757 Third Ave, 20th Floor
New York, NY 10017
Tel: 469.895.5269
mtripolitsiotis@burnscharest.com

Spencer Cox (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: 202.577.3977
scox@burnscharest.com

Amanda K. Klevorn (*pro hac vice*)
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Tel: 504.799.2847
aklevorn@burnscharest.com

Todd Logan (SBN 305912)
EDELSON PC
150 California St, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300
Fax: 415.373.9435
tlogan@edelson.com

*Counsel for Plaintiffs and the Proposed Class*

## CERFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Matthew S. Tripolitsiotis*
Matthew S. Tripolitsiotis