Todd Logan (SBN 305912)
EDELSON PC
150 California St, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300
Fax: 415.373.9435
tlogan@edelson.com

Matthew S. Tripolitsiotis (*pro hac vice*)
BURNS CHAREST LLP
757 Third Ave, 20th Floor
New York, NY 10017
Tel: 469.895.5269
mtripolitsiotis@burnscharest.com

Spencer Cox (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, D.C. 20016
Tel.: 202.577.3977
Fax: 469.444.5002
scox@burnscharest.com

*(Additional counsel on signature page.)*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW PANDOLFI and MANDI SHAWCROFT, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>AVIAGAMES, INC.; VICKIE YANJUAN CHEN; PING WANG; ACME, LLC; GALAXY DIGITAL CAPITAL MANAGEMENT, L.P.; and OTHER UNNAMED CO-CONSPIRATORS;<br><br>Defendants. | Case No. 3:23-cv-05971-EMC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY**<br><br>Date: November 6, 2024<br>Time: 3:30 p.m.<br>Dept: Courtroom 5 – 17th Floor<br>Judge: Honorable Edward M. Chen<br><br>Date filed: November 17, 2023<br>Trial Date: None Set |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................iii

STATEMENT OF ISSUES TO BE DECIDED ..................................................................................... v

INTRODUCTION ................................................................................................................................. 1

ARGUMENT......................................................................................................................................... 1

    I.    The *Coinbase* decision has no application to the Investor Defendants. ......................... 1

        A.    *Coinbase* is limited by its own terms to issues "involved in the appeal." .......... 1

        B.    The Court should reject the Investor Defendants' argument that the appeal and the claims are inextricably interwoven. ....................................................... 3

        C.    *Coinbase* does not look to "practicalities" or "equities" and, in any event, those do not favor a stay. ..................................................................................... 5

    II.    The Court should decline to enter a discretionary stay as to the Investor Defendants. .. 6

CONCLUSION...................................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Big Picture Loans, LLC v. Eventide Credit Acquisitions, LLC*,
  No. 4:24-CV-00103-P, 2024 WL 3239935 (N.D. Tex. June 27, 2024) ............................................ 2

*California Crane Sch., Inc. v. Google LLC*,
  621 F. Supp. 3d 1024 (N.D. Cal. 2022) .............................................................................. 4, 6, 7, 8

*CMAX Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ........................................................................................................ 6

*Coinbase v. Bielski*,
  599 U.S. 736 (2023) ............................................................................................................ passim

*Dietrich v. Boeing Co.*,
  14 F.4th 1089 (9th Cir. 2021) ....................................................................................................... 8

*Gabourel v. Luxottica of Am.*,
  No. 2:22-CV-00471-FWS-MAA, 2023 WL 6851738 (C.D. Cal. June 23, 2023) ......................... 3

*Gray v. SEIU, United Service Workers West*,
  No. 20-CV-01980-JSW, 2020 WL 12228937 (N.D. Cal. Aug. 5, 2020) ...................................... 6

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ................................................................................................................. 2, 3

*Harrington v. Cracker Barrel Old Country Store Inc.*,
  713 F. Supp. 3d 568 (D. Ariz. 2024) ............................................................................................ 3

*In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.* ("*Chrysler Pacifica I*"),
  No. 22-3040, 2024 WL 416370 (E.D. Mich. Feb. 5, 2024) .......................................................... 2

*In re: Chrysler Pacifica Fire Recall Prod. Liab. Litig.* ("*Chrysler Pacifica II*"),
  No. 22-3040, 2024 WL 868239 (E.D. Mich. Feb. 28, 2024) ........................................................ 2

*Knox v. City of Royal Oak*,
  No. 06-10428, 2007 WL 1775369 (E.D. Mich. June 20, 2007) .................................................... 2

*Kuang v. United States Dep't of Def.*,
  No. 18-CV-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ........................................ 6

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ...................................................................................................... 6

*MacClelland v. Cellco P'ship*,
  609 F. Supp. 3d 1024 (N.D. Cal. 2022) ........................................................................................ 8

*Mochan v. Madison Reed, Inc.*,
  No. 22-CV-80915-RS, 2023 WL 8634482 (S.D. Fla. Aug. 11, 2023) ................................. 3

*Nken v. Holder*,
  556 U.S. 418 (2009) ........................................................................................................... 6

*Pandolfi v. AviaGames, Inc.*,
  No. 23-CV-05971-EMC, 2024 WL 3558853 (N.D. Cal. July 26, 2024) ........................... 8

*Peck v. Cnty. of Orange*,
  528 F. Supp. 3d 1100 (C.D. Cal. 2021) ............................................................................. 6

*Scriber v. Ford Motor Co.*,
  No. 22-CV-1716-MMA-MMP, 2024 WL 2830499 (S.D. Cal. June 4, 2024) .................. 3

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*,
  46 F. App'x 412 (9th Cir. 2002) .................................................................................... 6, 7

**Statutes**

9 U.S.C. § 3 ................................................................................................................................. 6

**STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to Local Rule 7-4(a)(3), this response addresses the following issues raised in Defendants' Motion for Stay (Dkt. 140) ("Def. Br."):

1. Whether the Supreme Court decision in *Coinbase v. Bielski* requires a stay of proceedings against the Investor Defendants, who are not parties to the arbitration clause and who are not parties to the appeal.

2. Whether the Court should nevertheless enter a discretionary stay and pause all proceedings until the appeal is briefed, argued, and decided—which may delay resolution of claims against the Investor Defendants by a year or more.

# INTRODUCTION

Plaintiffs do not dispute that *Coinbase v. Bielski*, 599 U.S. 736 (2023), controls and requires a stay of the proceedings against Defendants AviaGames Inc., Vickie Yanjuan Chen, and Ping Wang (collectively, the "Avia Defendants"). Thus, Plaintiffs do not oppose *those* Defendants' motion for a stay.[1] However, as detailed below, the *Coinbase* decision does not extend to Plaintiffs' claims against ACME, LLC and Galaxy Digital Capital Management, L.P. (collectively, the "Investor Defendants"), and the factors for imposing a discretionary stay with regard to those Investor Defendants are not met. Pausing all proceedings until the Ninth Circuit appeal is briefed, argued, and decided could unnecessarily put the case against the Investor Defendants on ice for a year or more. Declining to impose a discretionary stay will allow the Court to consider issues raised on the Investor Defendants' motions to dismiss and provide for continuing Court management of the case against the Investor Defendants, as the Court sees fit, while the Ninth Circuit appeal proceeds in parallel.

# ARGUMENT

## I. The *Coinbase* decision has no application to the Investor Defendants.

### A. *Coinbase* is limited by its own terms to issues "involved in the appeal."

In *Coinbase*, one putative class plaintiff sued one defendant, and that defendant moved to compel arbitration based on an agreement between the parties. 599 U.S. at 739. Thus, unlike here, there were no co-defendants or other parties not subject to the arbitration agreement, meaning that, by default, the entire case was impacted by the existence and validity of an enforceable arbitration clause. The Supreme Court held—over a well-reasoned dissent[2]—that in such a case there must be a mandatory stay of the district court proceedings related to the appeal. *Id*. at 747. Specifically, the Court held that

---

[1] Plaintiffs have confirmed multiple times that they are not opposing the Avia Defendants' portion of the motion for a stay in light of *Coinbase*. *See* Def. Br. 1 n.1.

[2] *See* 599 U.S. at 752–53, 761 (Jackson, J., dissenting) (arguing that the discretionary stay standards are sufficient, expressing concern that the "mandatory-general-stay rule that the Court manufactures is unmoored from Congress's commands and this Court's precedent," and finding that "the windfall that the Court gives to defendants seeking arbitration, preferencing their interests over all others, is entirely unwarranted").

1
Plaintiffs' Response to Defendants' Motion to Stay
Case No. 3:23-cv-05971-EMC

"[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id*. at 740 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

However, the Court *also* recognized the ongoing ability of the District Court to proceed with matters *not* involved in the appeal. *Id.* at 741 n.2. The Court was express, explaining the "district court may still proceed with matters that are not involved in the appeal." *Id*.

Other courts have interpreted *Coinbase* to have limited application to parties in a case who are not parties to the arbitration. For example, the court in *In re: Chrysler Pacifica Fire Recall Prod. Liab. Litig.* ("*Chrysler Pacifica II*") declined to extend *Coinbase* to parties whose claims were not part of an arbitration appeal. *See* No. 22-3040, 2024 WL 868239, at *1–2 (E.D. Mich. Feb. 28, 2024). *Chrysler Pacifica* was a multi-district litigation, and the defendant moved to compel arbitration with respect to 18 of the plaintiffs. *Id.* at *1. In an earlier opinion, the court denied that motion, and the defendants appealed. *Id.*; *see also In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.* ("*Chrysler Pacifica I*"), No. 22-3040, 2024 WL 416370, at *5 (E.D. Mich. Feb. 5, 2024). The defendants argued that *Coinbase* required that the court stay the claims of the plaintiffs that did not move to compel arbitration. *Chrysler Pacifica II*, 2024 WL 868239, at *1. The court rejected that argument, likening the situation to one in which two of six claims against a defendant were the subject of an interlocutory appeal. *Id.* (citing *Knox v. City of Royal Oak*, No. 06-10428, 2007 WL 1775369, at *2 (E.D. Mich. June 20, 2007)). The court reasoned that, as in that context, "there are no good grounds to delay the progress of the litigation on the claims of the 51 distinct parties whose claims are not implicated in any way by either the motion to compel arbitration or the defendant's pending appeal of the ruling denying that motion." *Id.*

Likewise, the court declined to stay all proceedings in *Big Picture Loans, LLC v. Eventide Credit Acquisitions, LLC*, No. 4:24-CV-00103-P, 2024 WL 3239935, at * 1 (N.D. Tex. June 27, 2024). In that case, Eventide filed a voluntary Chapter 11 bankruptcy petition in bankruptcy court and an adversary proceeding against Big Picture Loans. *Id.* at *1. Big Picture Loans moved to compel arbitration in the bankruptcy court, and the bankruptcy court denied that motion. *Id.* Big Picture Loans

2
Plaintiffs' Response to Defendants' Motion to Stay
Case No. 3:23-cv-05971-EMC

moved to stay both the adversary proceeding and the main bankruptcy case while it appealed the bankruptcy court's decision. *Id.* While the court granted the stay with respect to the adversary proceeding, the court held that the stay "should not extend to unrelated matters in the bankruptcy proceedings." *Id.* at *2. The court reasoned that the "Supreme Court's decision in *Coinbase* does not support a blanket stay of all proceedings in the bankruptcy case; it specifically contemplates a stay of litigation *directly* related to the arbitrability issue." *Id.* at *3 (emphasis in original).

Here, there is no reason why *Coinbase*'s mandatory stay would apply to the Investor Defendants—defendants who were not parties to the purported arbitration agreement, did not seek to compel arbitration, and who are not parties to the appeal in the Ninth Circuit.[3] Indeed, as Defendants point out, the *Coinbase* rule "is based on the well-established principle that an appeal, including an interlocutory appeal, divests the district court of its control *over those aspects of the case involved in the appeal*." Def. Br. 3 (quoting *Coinbase* 599 U.S. at 740; *Griggs*, 459 U.S. at 58) (emphasis added) (internal quotation marks and brackets omitted).  Nothing in Plaintiffs' case against the Investor Defendants is involved in the appeal regarding arbitration. Thus, *Coinbase*'s mandatory stay requirement is limited to the Avia Defendants.

**B.    The Court should reject the Investor Defendants' argument that the appeal and the claims are inextricably interwoven.**

The Investor Defendants concede they are not parties to the appeal but argue that the claim against them is "inseparable from 'those aspects of the case involved in the appeal.'" Def. Br. 4 (citing

---

[3] In the cases relied upon by Defendants, all the parties were involved with the interlocutory appeal. *See* Def. Br. 4 n.3 (citing *Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 588 (D. Ariz. 2024) (issuing a *Coinbase* stay when certifying interlocutory appeal on the denial of arbitration, which affected one plaintiff, *and* on personal jurisdiction, which affected the other plaintiffs); *Mochan v. Madison Reed, Inc.*, No. 22-CV-80915-RS, 2023 WL 8634482, at *1 (S.D. Fla. Aug. 11, 2023) (issuing a *Coinbase* stay when a single plaintiff sued a single defendant, the defendant moved to compel the plaintiff, and the defendant appealed the order denying arbitration); *Gabourel v. Luxottica of Am.*, No. 2:22-CV-00471-FWS-MAA, 2023 WL 6851738, at *1 (C.D. Cal. June 23, 2023) (same); *Scriber v. Ford Motor Co.*, No. 22-CV-1716-MMA-MMP, 2024 WL 2830499, at *1 (S.D. Cal. June 4, 2024) (issuing a *Coinbase* stay when the court had denied the defendant's motion to compel arbitration with respect to *all* of the plaintiffs)).

*Coinbase*, 599 U.S. at 742). They assert two reasons why the *appeal* and the *claims* against them are intertwined:

*First*, they contend that "the only claim alleged against the Investor Defendants is also asserted against the Individual Defendants (i.e., Avia executives) who sought to arbitrate." Def. Br. 5. However, this argument conflates *claims* with the *issues on appeal*. Indeed, it is entirely possible, as is the case here, to have the same claim against multiple parties but only some of those parties have a potentially applicable arbitration clause. Whether the arbitration clause is valid and enforceable has no impact on the parties who are uninvolved with the agreement. Consider the situation described above where the same claim is brought against multiple parties and only some of the defendants successfully compel arbitration. Those arbitrating defendants will have the claims against them sent to arbitration; however, the case will proceed against the non-arbitration defendants in the court system—even though the claims are the same in arbitration and in court. Similarly here, just because the claims against the Avia Defendants may be stayed, the same claim against different defendants may proceed.

*Second*, the Investor Defendants argue that the claim against them relies heavily on the conduct of the Avia Defendants. That is true—it does. But the Investor Defendants are wrong to assert that "[b]ecause Plaintiffs' RICO claim against the Investor Defendants is so interwoven with Plaintiffs' claims against Avia, and with their RICO claim against Ms. Chen and Ms. Wang, a case-wide stay is necessary to satisfy *Bielski* and to protect the rights of the appealing parties." Def. Br. 6. Consider again the hypothetical with the same claim against multiple defendants, only some of whom have valid arbitration agreements. The claims are undoubtably interwoven; but, some claims will proceed in court while others are sent to arbitration. A stay of the court proceedings is not appropriate merely because the claims against the arbitration defendants are stayed pending arbitration. *See California Crane Sch., Inc. v. Google LLC*, 621 F. Supp. 3d 1024, 1032–33 (N.D. Cal. 2022).

For this reason, the Investor Defendants' argument regarding discovery misses the point. Had Plaintiffs lost the arbitration motion, they would have been left to proceed against the Investor Defendants in court with the Avia Defendants' claims sent in arbitration. Even though the Avia

Defendants would be third parties at that point, they would still be subject to third party discovery in the action against the Investor Defendants. Similarly here, while the appeal is pending, the case may proceed against the Investor Defendants and limited, third-party type discovery may be obtained via subpoena from the Avia Defendants.

### C. *Coinbase* does not look to "practicalities" or "equities" and, in any event, those do not favor a stay.

The Defendants suggest at the end of their *Coinbase* argument that a stay is appropriate due to practicality concerns. Def. Br. 6–8 (arguing that the "practicalities and equities also demand that a stay apply to the RICO claim against the Investor Defendants"). But nothing in *Coinbase* looks to such a standard. To the contrary, *Coinbase* is based on a jurisdictional finding that makes no account of practicality or equity. To the extent the Investor Defendants rely on such arguments, those are only properly considered—if at all—in the granting of a discretionary stay. *See* Part II, below.

Moreover, the practicality concerns the Investor Defendants raise can be easily managed. *First*, Defendants claim this action must be stayed because the Court could rule on summary judgment or "class certification in Avia Defendants' absence." Def. Br. 6. But any such ruling is months or years away, as the parties have not yet argued motions to dismiss. Any appeal will likely be long resolved by class certification or summary judgment.

*Second*, they argue that the entire case must be stayed because permitting discovery against the Investor Defendants would create "a two-track approach." But discovery against separate defendants always proceeds at different paces. Parties do not issue discovery requests, respond to discovery requests, produce documents, or sit for depositions in lock step. Depending on the needs of the case, one party may need to issue more or different discovery requests to the other party as discovery unfolds. And in any event, the Court can issue a case management order that gives the Avia Defendants plenty of time to participate in discovery after their appeal.

Indeed, the proper way to deal with the Defendants' request is through a Case Management Conference and Order that will allow the Court to control the pace at which litigation against the Investor Defendants proceeds without divesting itself of jurisdiction entirely. There is no reason to

5
Plaintiffs' Response to Defendants' Motion to Stay
Case No. 3:23-cv-05971-EMC

grant the *Coinbase* stay where the Court can instead move the case along at an appropriate pace, in appropriate areas, while not surrendering all control and putting the case completely on ice.

## II. The Court should decline to enter a discretionary stay as to the Investor Defendants.

The alternative, discretionary stay Defendants request is much more akin to the stay courts consider granting when ordering some parties to arbitration but not others.[4] When exercising this discretionary power, courts weigh the "competing interests which will be affected by the granting or refusal to grant a stay," which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).[5] The Ninth Circuit has noted "a preference for proceeding with the non-arbitrable claims when feasible." *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002); *Gray v. SEIU, United Service Workers West*, No. 20-CV-01980-JSW, 2020 WL 12228937, at *5 (N.D. Cal. Aug. 5, 2020). A court should accordingly issue a stay "only when doing so would serve some legitimate interest of the parties or the court." *Gray*, 2020 WL 12228937, at *5.

The court in *California Crane* dealt with a situation like the one here. In that case, the plaintiff asserted that Google and Apple entered into an anticompetitive conspiracy to monopolize the search

---

[4] When arbitration is compelled, Section 3 of the Federal Arbitration Act requires courts to stay proceedings with respect to the parties to the arbitration agreement. 9 U.S.C. § 3; *California Crane*, 621 F. Supp. 3d at 1032–33. As to litigants who are not parties to the arbitration agreement, however, the court may stay the litigation as a matter of discretion to await the outcome of the pending arbitration. *California Crane*, 621 F. Supp. 3d at 1033.

[5] Defendants analyze their discretionary stay request under the factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009), while Plaintiffs have done so under the test from *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Plaintiffs rely on *Lockyer* because courts in the Ninth Circuit tend to assess whether to stay proceedings pending appeal under the *Lockyer* factors and apply the *Nken* test to determine whether to grant a stay of an order. *See, e.g.*, *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *2–3 (N.D. Cal. Apr. 15, 2019); *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1105–06 (C.D. Cal. 2021). In any event, the tests overlap in significant part and, if anything, the *Nken* test has more factors to consider. Thus, the Investor Defendants fail either test.

market in violation of federal antitrust law. *California Crane*, 621 F. Supp. 3d at 1027. The plaintiff had a valid, enforceable arbitration agreement with Google, so the court stayed proceedings in the district court with respect to Google pending the outcome Google's arbitration with the plaintiff. *Id.* at 1032. But Apple, like the Investor Defendants here, did not have any agreement with the plaintiff. Apple, also like the Investor Defendants, argued that a stay was nonetheless warranted because "(i) the potential damage to Plaintiff from such a stay is minimal if not nonexistent; (ii) there is a real risk of inconsistent rulings if both arbitration and litigation were to proceed in parallel; and (iii) a stay would promote the orderly course of justice." *Id.* at 1033.

The court primarily focused on the second factor. It "agree[d] with Apple that there [was] a risk of inconsistent rulings" because the plaintiff "assert[ed] identical conspiracy claims against both Apple and Google" that "ar[ose] out of the same underlying facts." *Id.* This meant that "both an arbitrator and this Court will have to decide similar questions of law and fact to determine whether Google and Apple conspired in violation of Sections 1 and 2 of the Sherman Act." *Id.*

The court, however, did not share Apple's level of concern. It noted that when "where one alleged co-conspirator has an enforceable arbitration agreement and the other does not, the possibility that parallel proceedings could produce inconsistent results is simply inevitable." *Id.* at 1034. The real issue was not whether there could be inconsistent rulings, but whether "the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.* at 1033 (quoting *United Commc'ns Hub*, 46 F. App'x. at 415). And Apple could not contend that "the arbitrator's findings of fact or law in Plaintiff's arbitration against Google would be binding on this Court or otherwise have any impact on the non-arbitrable claims left [in the district court]." *Id.* The court found that, "[s]ince Plaintiff and Apple will presumably need to eventually litigate the remaining non-arbitrable claims irrespective of whatever happens in the arbitration," "staying the non-arbitrable claims would only serve to needlessly delay their resolution." *Id.* at 1033–34. The court denied Apple's motion to stay, reasoning that "Apple fails to show that a stay would simplify the legal and factual issues in this lawsuit or otherwise promote the orderly course of justice." *Id.* at 1034.

The same reasoning applies here. As in *California Crane*, Plaintiffs assert identical conspiracy claims against both Avia executives and the Investor Defendants. Plaintiffs also have no agreement with the Investor Defendants, so Plaintiffs' claims against them will continue in this Court regardless of the Ninth Circuit's decision on the Avia Defendants' appeal. What's important is whether Plaintiffs' claims against the Investor Defendants depend on the outcome of the appeal or arbitration (if the Ninth Circuit reverses), and they do not. An arbitrator's findings do not bind this court. *See id.* at 1033 n.3 (collecting cases). Because Plaintiffs will eventually have to litigate their causes of action against the Investor Defendants in this Court, staying these proceedings "would only serve to needlessly delay their resolution." *Id.* at 1033–34. As this Court has recognized, such an outcome "conflict[s] with one of the basic principles of our legal system—justice delayed is justice denied." *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1042 (N.D. Cal. 2022) (brackets in original) (quoting *Dietrich v. Boeing Co.,* 14 F.4th 1089, 1095 (9th Cir. 2021); *Pandolfi v. AviaGames, Inc.*, No. 23-CV-05971-EMC, 2024 WL 3558853, at *6 (N.D. Cal. July 26, 2024) (quoting *MacClelland*).

As noted above, the proper way to deal with the Defendants' concerns is not through a complete halt of all proceedings; but, rather, by holding a Case Management Conference and entering a Case Management Order that allows the Court to proceed with those parts of the case it finds advisable while the appeal is pending.

**CONCLUSION**

For the reasons stated above, the Court should decline the Investor Defendants' request to stay and proceed with consideration of their motions to dismiss.

Dated: October 11, 2024                    Respectfully submitted,

*/s/ Matthew S. Tripolitsiotis*
Matthew S. Tripolitsiotis (*pro hac vice*)
BURNS CHAREST LLP
757 Third Ave, 20th Floor
New York, NY 10017
Tel: 469.895.5269
mtripolitsiotis@burnscharest.com

8
Plaintiffs' Response to Defendants' Motion to Stay
Case No. 3:23-cv-05971-EMC

Spencer Cox (*pro hac vice*)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: 202.577.3977
scox@burnscharest.com

Amanda K. Klevorn (*pro hac vice*)
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Tel: 504.799.2847
aklevorn@burnscharest.com

Todd Logan (SBN 305912)
EDELSON PC
150 California St, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300
Fax: 415.373.9435
tlogan@edelson.com

*Counsel for Plaintiffs and the Proposed Class*

**CERFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Matthew S. Tripolitsiotis*
Matthew S. Tripolitsiotis